WEST INDIA FRUIT & S. S. CO. v. RAYMOND.

THE JOSEPH PARROTT.

THE LEV–LOU.

No. 13445.

United States Court of Appeals
Fifth Circuit.

July 19, 1951.

Rehearing Denied Aug. 18, 1951.

674

---

B. F. Paty, West Palm Beach, Fla., for appellant.

Egbert Beall, Hal H. McCaghren, West Palm Beach, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

PER CURIAM.

This is an appeal in admiralty from a final decree holding the steamship Joseph Parrott in fault for damages caused to the fishing vessel Lev-Lou by displacement waves.

This case presents only questions of fact and these have been decided by the Commissioner and the court below in favor of libellant. The record establishes the correctness of the finding that the swells from the steamship caused damage to the fishing vessel, and that her master was negligent.

The Lev-Lou, a good staunch offshore fishing boat was a moored vessel, moored in a seamanlike manner to the pilings of the Inlet Dock, a well known mooring place for boats which has been maintained by the Town of Palm Beach for more than twenty years. The dock is approximately 200 feet from the center line of the Inlet channel leading from the ocean to the port of Palm Beach. The day was clear, the water was relatively smooth and a light two mile breeze was out of the southeast. There was nothing in the situation which rendered it imprudent for the Lev-Lou to be moored in these waters and she had the right to assume that the navigators of an approaching vessel would observe their duty to avoid the infliction of injury upon her.

The Parrott, bound in from sea and with a three to four knot flood tide underfoot, passed abeam of the Inlet Dock at a speed of ten to twelve knots over the ground, which is equivalent to seven to eight knots through the water. The Parrott is 340 feet in length. She has a beam of 59 feet, a mean draft of 15 feet, has twin screws and a keel line rudder. Her speed when passing as she did in proximity to the dock threw unusual and excessive swells which caused the Lev-Lou to surge aft and snap a good three inch Manila stern line and then to be thrown back violently against the pilings of the dock, thereby sustaining the damages claimed. The master of the Parrott had timely notice of the presence of the Lev-Lou and it was his obligation to see to it that his vessel did not pass at such speed that danger would result from her suction or swells and he is responsible for their effects upon innocent vessels. The Hendrick-Hudson, D.C., 163 F. 862, 865, affirmed 2 Cir., 168 F. 1021.

The fact of injury to the Lev-Lou from swells *prima facie* establishes the liability of the Parrott. And since she was the moving vessel she must exonerate herself from blame by showing that it was not in her power to prevent the injury by adopting any practical precautions. Ferryboat Columbia, 1937 A.M.C.

881, 882, 884. This she failed to do. It seems unnecessary to write any further opinion since we fully concur in the findings, reasoning and conclusions of the court below.

Affirmed.