228 So.2d 700 (1969)
A. P. CUNNINGHAM, Individually, etc.
v.
HARDWARE MUTUAL CASUALTY COMPANY et al.
No. 7895.
Court of Appeal of Louisiana, First Circuit.
November 17, 1969.
Rehearing Denied December 22, 1969.
*701 John Parker and Julian Clark Martin, of Sanders, Miller, Downing & Kean, and Roger Fritchie, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellant.
Frank Coates, Jr., of Taylor, Porter, Brooks & Phillips, and Horace Lane and John White, Jr., of Kennon, White & Odom, Baton Rouge, for appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
This matter is before us on motion of defendant, Hardware Mutual Casualty Company, to dismiss the appeal taken against movant by its co-defendants, Cenla Asphalt Corporation and its insurer, Employers' Liability Assurance Corporation.
*702 The issue presented is whether one alleged co-tortfeasor may institute a third party demand by appeal against a fellow tort-feasor's insurer which has compromised with the injured plaintiff on behalf of itself and its insured, and obtained full release from liability when no third party demand was filed against the released defendant in the trial court.
Urging exceptions of no cause of action and res judicata, another defendant, Aetna Casualty and Surety Company, has moved to dismiss the appeals taken by plaintiffs, Mr. and Mrs. Cunningham. These exceptions are based on the contention the antecedent release of Aetna's insured, Ware, released Aetna from any and all liability to plaintiff in the main demand. On these same grounds, Aetna has moved to dismiss the third party demand asserted against it by its co-defendants, Cenla and Employers.
We find Hardware's motion to dismiss the appeals taken against it by Cenla and Employers well founded and grant this particular motion. We find no merit in Aetna's motions to dismiss the appeal taken by the Cunninghams and the third party demands of Cenla and Employers and deny these motions.
Plaintiffs A. P. and Mary M. Cunningham filed this action for damages against Cenla Asphalt Corporation and its insurer, Employers' Liability Assurance Corporation, Charles R. Ware and his insurers, Hardware Mutual Casualty Company and Aetna Casualty and Surety Company, and Foster and Creighton and its insurer, The Travelers Indemnity Company. The petition alleges Cenla, Ware, and Foster and Creighton were co-tortfeasors as regards an automobile accident which resulted in injuries to plaintiffs. Before trial plaintiffs dismissed their action against Ware without prejudice. Trial on the merits before a jury resulted in a verdict of dismissal of plaintiffs' suit against all remaining defendants. Notwithstanding Ware's prior dismissal, the jury concluded his negligence was the sole proximate cause of the accident. The jury also found facts from which the trial court concluded neither Hardware nor Aetna provided Ware with insurance coverage. Thereafter plaintiffs entered into a $6,500.00 compromise settlement with Ware and his insurer, Hardware. The agreement released Ware and Hardware from all liability but expressly reserved plaintiffs' rights against all remaining defendants, Aetna included. Plaintiffs then appealed devolutively against all defendants save Ware and Hardware. Cenla and Employers expressly appeal the finding of no coverage of Ware by Aetna and Hardware. Appellants Cenla and Employers also assert a third party demand seeking contribution from defendants Hardware and Aetna in the event third party plaintiffs are cast in judgment in the appeals taken by the Cunninghams.
Hardware has moved to dismiss the third party demands asserted against it by virtue of the appeals taken by Cenla and Employers. Hardware maintains the release granted it and its insured, Ware, by Mr. and Mrs. Cunningham discharged it from all further liability. On this basis, it is urged Cenla and Employers have no right of appeal insofar as Hardware is concerned. In substance, Hardware urges the Cunninghams no longer have ground for recovery of any sum from either Hardware or Ware. Hardware also maintains the compromise by Mr. and Mrs. Cunningham operated a division of the debt as regards one of the alleged co-debtors. Consequently, it is urged on authority of LSA-C.C. Articles 2100, 2103 and 2203 and Harvey v. Travelers Insurance Company, La.App., 163 So.2d 915, the Cunninghams presently have a claim against Cenla and Employers but with deduction therefrom of the part of the discharged debtor Ware. On this basis, Hardware contends that assuming the Cunninghams obtain reversal on appeal, against either or both Cenla and Foster and Creighton, deduction must be made of Ware's part (either one-half or one-third, depending on the ultimate determination either Cenla or Foster *703 and Creighton, or both, are held on appeal to be solidarily liable with Ware).
In moving to dismiss the appeal taken by the Cunninghams, Aetna argues the unconditional release granted its alleged insured, Ware, discharged Aetna from all liability as Ware's alleged insurer, notwithstanding reservation therein of the Cunninghams' rights against Aetna. On this basis, Aetna pleads the exceptions of no cause of action and res judicata as regards the appeals taken by Mr. and Mrs. Cunningham and the third party demand of Cenla and Employers. In answer to the Cunninghams' appeal, Aetna urges affirmation of judgment dismissing the Cunninghams' action against it. Alternatively, Aetna maintains that should judgment be rendered against it on appeal, judgment should also be rendered against all alleged co-tortfeasors.
We consider first Aetna's exceptions to plaintiffs' appeal and to Cenla's and Employers' third party demand. Plaintiffs expressly reserved their rights against Aetna when they compromised with Aetna's insured, Ware, and Ware's other insurer, Hardware Mutual Casualty Company.
It is settled law that under LSA-R. S. 22:655, our Direct Action Statute, a liability insurer is obligated in solido with its insured and is therefore amenable to a claim for contribution upon demand of the insurer of a joint tortfeasor. In Shaw v. New York Fire & Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416, the Supreme Court stated the rule thusly:
"Under the Direct Action Statute, the insurer is liable to the claimant in solido with its insured. LSA-R.S. 22:655. When the insurer is sued alone, it stands in the shoes of its insured for purposes of contribution. Thus, the insurer of a tort feasor may by third party demand enforce contribution against a joint tort feasor. LSA-C.C.P. Art. 1111; LSA-C.C. Art. 2103; Smith v. Southern Farm Bureau Casualty Ins. Co., supra [247 La. 695, 174 So.2d 122]. By the same token, the insurer may also demand contribution of the insurer of a joint tort feasor."
The effect of a reservation of rights against a solidary obligor is set forth in La.R.C.C. Article 2203, as follows:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter."
Since Aetna is bound in solido with its insured, Ware, La.R.C.C. Article 2203 renders Aetna amenable to an appeal by plaintiffs who have expressly reserved their rights against Aetna as an alleged solidary obligor. Additionally, Aetna being allegedly liable to plaintiffs solidarily with the remaining defendants is amenable to a third party action for contribution by its co-obligors, Cenla and Employers. Shaw v. New York Fire & Marine Underwriters, Inc., above. This brings us to the issue whether Cenla and Employers' third party demand against Aetna may be instituted on appeal when no such third party action was initiated in the trial court.
In Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594, a case similar to but distinguishable from the instant matter, the Supreme Court considered the right of a defendant to appeal against a co-defendant where no third party demand was filed in the trial court by the appealing defendant. As in the case at hand, the co-defendant sought to be third partied in Emmons, supra, had been dismissed from the action. In concluding the appeal of defendant constituted a third party action against the co-defendant who had been dismissed from the action, the Supreme Court in Emmons, supra, held:
"An examination of Article 2103 discloses that its terms are directory and not mandatory. It recites that a defendant *704 may seek to enforce contribution by making his solidary co-debtor a third party. There is no penalty imposed for failure to follow its provisions. A defendant who does not call in his co-debtor as a third-party defendant maintains rights under Articles 1111-1116, LSA-C.C.P. Cf. Perot v. United States Casualty Co., La.App., 98 So.2d 584.
* * * * * *
"We conclude that the appeal taken by Bertucci and Agricultural brings their co-defendant General Accident before the appellate court; such appeal was tantamount to filing a third-party action."
We deem the above cited pronouncement of the Supreme Court decisive of the question whether one solidary obligor may third party another on appeal even though no third party demand was filed in the trial court. Thus, Aetna is subject to third party action instituted for the first time on appeal.
We consider next the question whether defendants Cenla and Employers may successfully bring a third party action on appeal against defendant Hardware which has settled with and been released by initial plaintiffs. Emmons, above, is distinguishable from the case at bar insofar as Hardware is concerned, in that in Emmons defendant, though dismissed from the action, had not been granted a full release as has Hardware in this case.
We note likewise, Harvey v. Travelers Insurance Company, La.App., 163 So.2d 915, wherein our brothers of the Third Circuit, Hood, Judge, organ of the Court, specifically considered the right of a co-defendant to third party on appeal a co-defendant holding a prior release secured through settlement with plaintiff in the main demand.
The rationale of Harvey, above, is based on Ledoux v. Rucker, 5 La.Ann. 500, which held that a solidary obligor who pays the entire debt is subrogated to the rights of the creditor against the other solidary obligors for their proportionate part of the debt. Ledoux, above, also held that so far as the creditor has impaired the debtor's right of subrogation, he is barred from recovering. Applying the principle of Ledoux, above, Harvey postulated that the creditor who settles with and releases one solidary obligor has no further claim against that debtor to which another debtor can be subrogated. Since no right of subrogation remains against the released debtor, the co-obligor who pays may not seek contribution from the released obligor. Consequently the debt must be reduced to the extent the released debtor would otherwise have been liable in contribution to his co-obligors in solido. We are in complete accord with the basic principle espoused in Harvey, above.
However, to establish the potential liability of the remaining parties to this litigation, we deem it necessary to consider Harvey, above, in the light of three basic, pertinent principles firmly established by our statutory law and jurisprudence. The first consideration is the nature and extent of the liability of solidary obligors to plaintiffs. Next is the character and scope of the rights and obligations of the solidary obligors as respects each other. Lastly, there is the obligation of the insurers as solidary obligors of their respective insureds.
Unquestionably all co-tortfeasors and their respective insurers are liable to the injured plaintiff in solido. Co-tortfeasors are themselves obliged in solido to repair the damage. La.R.C.C. Article 2103; Peats v. Martin, La.App., 133 So.2d 920. The Louisiana Direct Action Statute, LSA-R.S. 22:655, renders an insurer solidarily liable with its insured. See also Ensminger v. Great Atlantic and Pacific Tea Company, La.App., 134 So.2d 686. Shaw v. New York Fire & Marine Underwriters, above, establishes the rule that the insurer of one co-tortfeasor may claim contribution from another co-tortfeasor or *705 the latter's insurer. Liability in solido, whether emanating from tort or contract, means that either of the debtors may be required to discharge the obligation in full at the creditor's election. La.R.C.C. Articles 2094 and 2103.
Plaintiff in Harvey, supra, was a guest passenger in a vehicle driven by Downs and which collided with a truck owned by Davidson. Harvey sued Downs and his insurer, Lumbermens, as well as Davidson and his insurer, Travelers. Lumbermens instituted a third party demand against Davidson and Travelers. Subsequently Lumbermens compromised with Harvey who granted full release and dismissed the action as to Downs and Lumbermens but reserved all rights against the remaining defendants. Davidson and Travelers then sought to bring a third party action against Lumbermens seeking contribution from Lumbermens as a solidary obligor. The trial court dismissed the third party action by Davidson and Travelers who appealed the adverse ruling. The issue presented on appeal was whether Lumbermens was entitled to summary judgment dismissing the third party demand of Davidson and Travelers because of the compromise effected between plaintiff and defendants Downs and Lumbermens. In Harvey, above, the Court held the release entitled the remaining insured and insurer to reduction of the debt by one-half. We note that in Harvey four solidary obligors were involved, two insureds each having a single insurer. The language in Harvey does not make it clear whether the reduction was based on the number of solidary obligors released or the fact that one of two co-tortfeasors was discharged. We conclude the reduction by one-half was predicated on the number of tortfeasors acquitted because of the following language contained in the opinion:
"We conclude, therefore, that where the claimant in a tort action settles with and releases one of two joint tort-feasors, reserving all of his rights against the other, the remaining tort-feasor is thereby deprived of his right to enforce contribution against the one who has been released. And, since the claimant by his own act has deprived the unreleased tort-feasor of this right to enforce contribution, he can recover from the latter only one-half of the damages which he sustained."
We are of the view that in instances of this nature the fundamental principle upon which solidary liability rests is that co-tortfeasors are liable in solido to the injured party. Such apparently was the rationale in Harvey, above. Our conclusion finds further support in Planiol, Vol. 2, Part 1, § 767, at page 413, wherein the following is noted regarding his discussion of division of the debt between solidary obligors.
"767. Division of the Debt
The fact that each debtor is held for the total in his relations with the creditor does not prevent the common debt from being divided among them. Art. 1213 provides that the `obligation contracted in solido is of right divided among the debtors, who, amongst themselves, are liable each only for his part and portion.'
On what basis is this division made? As a general rule it is made in equal parts. This is the mode of partition which should be adopted every time unless there are reasons for choosing another. The law presumes that the parts of each in the matter are equal; the `portions' spoken of in Art. 1213 mean virile portions, equal between themselves. But the presumption of the law is inapplicable in two cases:
(1) Where the act indicates expressly a division on another basis;
(2) Where it is demonstrated that the interests of the parties in the affair are unequal."
The above comment appropriately notes that as a general rule the debt is *706 divided in equal parts among the debtors, meaning that each is liable for his numerical pro rata share. Thus if there were four solidarily bound, each would be liable, as regards the obligation of contribution, for one-fourth. Such appears to be the intent of our La.R.C.C. Article 2103 which states that "As between the solidary debtors, each is liable only for his virile portion of the obligation."
The case at bar requires application of the second exception noted by Planiol, above, to the general rule that solidary obligors are liable in contribution, as among themselves, each for his numerical pro rata share of the debt. Here, however, we have what in effect appears to be an imperfect solidary obligation as regards the remaining five solidary obligors concerned. While plaintiff may demand payment in full from any obligor solidarily cast, the obligors are not all capable of demanding division or contribution from each other according to a numercial pro rata division of the debt. This is necessarily so because obviously the insurers may not demand division or contribution from their respective insureds. On the contrary, the insurers stand in the shoes of their insureds and are amenable to the contribution to which their insured may be liable if found to be a co-tort-feasor. Shaw v. New York Fire & Marine Underwriters, above. Consequently, a pro rata reduction in the case at hand, predicated on the number of debtors solidarily bound, would not result in an equal division of the obligation between the debtors. This conclusion is inescapable because some of the solidary obligors (the insurers) are contractually bound to discharge the solidary obligation of their respective insureds.
We have previously shown that because there are three tortfeasors in this instance, each is liable in contribution for his virile share of one-third of the debt. It follows that insofar as concerns division of the debt or contribution among the tortfeasors, each insurer (or insurers) is bound in solido with its (or their) respective co-tortfeasor for the latter's virile one-third. Thus, Employers is solidarily bound with Cenla for one-third, Travelers solidarily with Foster and Creighton for one-third, and Hardware and Aetna in solido with Ware for one-third.
But for Ware and Hardware's release by plaintiff, Hardware and Aetna would be liable in solido to discharge Ware's obligation to contribute one-third of the obligation to such other solidary obligor who discharged the entire debt. Their pro rata of this obligation to protect their mutual insured is one-half each. Ordinarily the release of Ware and Hardware would have reduced the obligation by one-third as we are here concerned with three co-tortfeasors. However, since Ware had two insurers, both bound in solido with him, the unreleased insurer against whom rights were expressly reserved still stands in Ware's shoes. Aetna, however, has been deprived of the right to compel Hardware to share equally the one-third contribution that may be demanded of Ware. By the same token, the remaining co-tortfeasors lost the right of contribution from one-half a tortfeasor which, in this instance, amounts to ½ of 1/3 or 1/6 of the whole debt. We hold therefore that Ware and Hardware's release reduced the obligation by one-sixth. It follows that plaintiffs retain five-sixths of their claim. If all tortfeasors herein are cast in solido, the responsibility of each solidary obligor is to respond to plaintiffs for five-sixths of the judgment if individually pursued by plaintiffs. As regards contribution to the solidary obligor who pays the debt in full, Cenla and Employers are solidarily liable for one-third; Foster and Creighton and Travelers are solidarily liable for one-third; Aetna must contribute one-sixth.
To further illustrate, if Ware is held liable in solido with only one of the other alleged co-tortfeasors, the reduction of plaintiffs' claim would, in such instance, be one-fourth. The unreleased co-tortfeasor and his insurer thus cast with Ware would *707 be solidarily liable with Aetna for the remaining three-fourths and Aetna's pro rata contribution to the unreleased co-tortfeasor and his insurer would be one-fourth.
Admittedly, the pro rata deduction postulated in Harvey, above, and herein followed, may lead to somewhat anomalous results. Nevertheless, we are of the view the rule thus formulated accords with our laws governing solidary obligations by dividing the debt equally among those who are primarily responsible for the damage occasioned, the co-tortfeasors.
For example, if, in a given case, three co-tortfeasors are eventually held solidarily liable and one is released by plaintiff, in the event of a $15,000 judgment, the two remaining tortfeasors would be liable for only $10,000, each having the right to demand contribution of $5,000 from the other. However, the previously released tortfeasor may have settled for more or less than $5,000. Such an instance may effect an inequality of pecuniary liability between co-tortfeasors and their insurers who are liable in solido with them. Nevertheless, the desire to promote compromise, a result favored in law, seemingly justifies such results.
We note that the result reached in Harvey was concurred in by our brothers of the Fourth Circuit. See Stewart v. Roosevelt Hotel, Inc., La.App., 170 So.2d 681.
We also observe in Mullin v. Skains, 252 La. 1009, 215 So.2d 643, the Supreme Court impliedly approved the result reached in Harvey, after distinguishing Mullin from Harvey. In Mullin, above, the defendant, Skains, third partied the Department of Highways. Skains being uninsured, Mullin joined as defendant his own insurer, State Farm Mutual Insurance Company, under an uninsured motorist clause. Mullin settled with his insurer, State Farm, and dismissed his action as to said defendant with prejudice. Later Mullin dismissed his complaint against Skains as of nonsuit, reserving all rights against the remaining defendant Department of Highways. The trial court found plaintiff's damages resulted from the negligence of Skains and the Department of Highways. The trial court found that the dismissal as to Skains deprived the Department of Highways of its right to contribution against Skains and rendered judgment in favor of plaintiff against the Department for one-half the damages sustained. The court of appeal affirmed the holding that both defendants were at fault in causing the accident. The court of appeal, however, held the trial court erred in limiting plaintiff's recovery to one-half the damages suffered on the ground that dismissal as to Skains as of nonsuit did not deprive the co-tortfeasor Department of Highways of the right of contribution against Skains who was not thereby released from liability. The Supreme Court affirmed.
In Mullin, the Supreme Court, speaking of Harvey, noted:
"The court held that Harvey, by his own act of settlement and release of Lumbermens, deprived the remaining alleged tort-feasor of the right to enforce contribution against Lumbermens, and Harvey could, accordingly, recover only one-half of the damages which he sustained from those against whom he reserved his rights. However, in the case at bar there was no compromise agreement amongst the joint tort-feasors, nor a release by plaintiff with either of the joint tort-feasors. Plaintiffs' suits were simply dismissed against Mr. Skains by voluntary nonsuits."
From the above, we conclude that had Mullin been squarely in point with Harvey, the rule announced in Harvey would have been applied by the Supreme Court.
Hardware's motion to dismiss the appeals taken against it by Cenla and Employers is granted and said appeals dismissed at said appellants' costs.
*708 Aetna's motion to dismiss the appeals taken by the plaintiffs Cunningham and the third party demands of Cenla and Employers is denied, all costs incident to said motion to be paid by movant.
Dismissal of the appeal as to Hardware renders moot its request for an extension of time in which to file its brief on the merits of the matter.