MILLER, Judge.
Plaintiff seeks $426.71 on open account. Both defendants appealed the trial court’s judgment holding them liable in solido. Defendants admit that plaintiff is entitled to recover, but each contends that the debt is due by the other defendant. Alternatively, defendant Van Way seeks (for the first time on this appeal) indemnification from defendant Castille, and contends that this right may be asserted by third party' demand instituted on appeal.
Louis Castille d/b/a Castille Marble & Granite Works contracted with J. P. Van Way Engineer-Contractor, Inc. for a metal building to be constructed on Castille’s property. Van Way contracted with Clement Girard, an independent contractor, to construct the building. The contracts are not in evidence. When the building was completed or almost completed, Castille purchased and began to install an overhead crane in the building, but was informed that additional supports would be required' to carry the load.
These supports referred to as “stiffeners”, were fabricated by plaintiff and installed by Girard. Defendants Van Way and Castille each contend that the other must pay for these stiffeners.
Girard telephoned plaintiff from Van Way’s office at the request of Van Way’s managers. Plaintiff then met Girard at Van Way’s office so that they could go to Castille’s property to make the necessary measurements. When the work was completed plaintiff billed Van Way; then Cas-tille, and finally Girard. All refused to pay.
Girard was certain that Van Way authorized him to order the stiffeners. Tr. 31, 32, 33. Plaintiff confirmed that he understood that Girard ordered the stiffeners for Van Way. Tr. 35.
Mr. Warren Finley, general supervisor for Van Way, testified that he did not remember whether or not he ordered the stiffeners (Tr. 42) but he did remember talking to Castille about the need for additional supports. Tr. 46. Specifically, Mr. Finley would not deny that he authorized Girard to order the stiffeners. Tr. 47.
We find no manifest error in the trial court’s finding that the stiffeners were ordered on' instructions of Van Way’s employees.
Van Way bases its third party demand on LSA-C.C.P. Articles 1111-1116 as recently interpreted in Cunningham v. Hardware Mutual Casualty Company, 228 So.2d 700 (La.App.Cir. 1969). See also Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963); Perot v. United States Casualty Co., 98 So.2d 584 (La.App.2d Cir. 1957).
Van Way contends that Castille has received the benefit of the stiffeners without payment therefor; that Van Way is therefore entitled to indemnification for its portion of the obligation.
There is no evidence contradicting Van Way’s position that the overhead crane was not considered in the original contract and that the stiffeners were required to *527 support the additional load created by the crane. On the other hand, the contract between Van Way and Castille is not in evidence. Some testimony suggests that Cas-tille refused to pay for the building until Van Way installed the additional supports; that Van Way’s supervisor ordered the supports in order to satisfy the customer.
We hold that Van Way has failed to prove that Castille agreed to pay for the stiffeners. Van Way’s third party demand is therefore denied.
Appellant Castille did not testify at the trial. Girard testified that Castille employed him to install the overhead crane. Girard was therefore employed by both defendants when he contacted plaintiff to have him fabricate the stiffeners. We find no manifest error in the trial court’s holding that both defendants are liable in solido.
The judgment of the trial court is affirmed. Costs of this appeal are taxed one-half to each defendant-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.