Peter LUKE, Plaintiff,

v.

SIGNAL OIL & GAS COMPANY,
Defendant-Third-Party
Plaintiff-Appellant,

v.

EWING WELDING, INC., et al., Third-
Party Defendants-Appellees,

Travelers Insurance Company,
Intervenor.

No. 75–2158
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1975.

Thomas M. Young, Emile L. Turner, Jr., New Orleans, La., for defendant-third-party plaintiff-appellant.

Felicien P. Lozes, New Orleans, La., for Western Wireline.

Richard L. Bodet, New Orleans, La., for Ewing Welding, Inc.

James L. Bates, Jr., Julian G. Baudier, Jr., New Orleans, La., for Travelers Ins. Co.

Before GEWIN, DYER and RONEY, Circuit Judges.

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**PER CURIAM:**

As a result of personal injuries sustained while working on a stationary oil platform located in the Gulf of Mexico, Luke, an employee of Petro-Weld, Inc., filed suit against Signal Oil and Gas Company, the owner of the platform, and Western Wireline Service, Inc. and Ewing Welding, Inc., two contractors performing work on the platform. Signal filed third-party claims against Ewing and Western Wireline, claiming indemnity under various contractual provisions. Prior to trial, Luke dismissed with prejudice his claims against Ewing and Western Wireline. Signal then amended its third-party claim, seeking contribution from Ewing and Western Wireline.

■ At trial, evidence was presented by Signal in support of its third-party claim for contribution against Ewing and Western.[1] The district court concluded that there was insufficient evidence to sustain this claim, and granted motions for directed verdicts in favor of Ewing and Western. Signal claims that the evidence adduced at trial was sufficient to create a jury issue as to the negligence of Ewing and Western. Without reaching this contention, we conclude that as a matter of law Signal was not entitled to maintain a third-party claim for contribution against Ewing and Western, and therefore affirm the judgment below.

■ Signal argues that, under Louisiana law, contribution may be enforced through the vehicle of a third-party action.[2] We agree. However, the defendant's right of contribution may be defeated. When a plaintiff in a tort action settles with and releases a joint tortfeasor, reserving all of his rights against the other, the remaining tortfeasor is deprived of his right to enforce contribution against the one who has been released. *Cunningham v. Hardware Mutual Casualty Company*, La.App.1969, 228 So.2d 700; *Harvey v. Travelers Ins. Co.*, La.App.1964, 163 So.2d 915. And, since the plaintiff has deprived the unreleased tortfeasor of his right to enforce contribution, the amount recoverable against the unreleased tortfeasor is reduced pro rata. *Canter v. Koehring Co.*, La.1973, 283 So.2d 716; *Cunningham, supra; Harvey, supra.*

■ In this case, Luke dismissed with prejudice his claims against Ewing and Western Wireline. Signal does not contend that this dismissal did not have the force and effect of a full release of the alleged joint tortfeasors. We conclude that such release eliminated any right of contribution which Signal might have had against those parties.

Following a jury verdict in the amount of $400,000, the court entered judgment in favor of Luke for that amount. There is no indication in the record that at any point Signal requested the court to reduce the amount of judgment to Signal's pro rata share. In any event, Signal has dismissed its appeal against Luke, and therefore that issue is not now before us.

Affirmed.

---

1. The jury found that Signal was negligent, and this finding is not challenged in the present appeal. Signal admits that it cannot seek indemnity for liability based on its own negligence, and therefore the third-party claim for indemnity is of no concern here. *See Delta Engineering Corp. v. Scott*, 5 Cir. 1963, 322 F.2d 11, 17.

2. La.Civ.Code, Art. 2103 provides in pertinent part:

A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff.