CREOLE SHIPPING, LTD.,
Plaintiff-Appellee,

v.

DIAMANDIS PATERAS, LTD., et al.,
Defendants-Appellants.

No. 76–4307
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 30, 1977.

Sidney H. Schell, Mobile, Ala., for defendants-appellants.

Alex F. Lankford, III, Mobile, Ala., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This admiralty action stems from a February 8, 1975 accident on the Mobile River. Plaintiff's vessel, the Pyramid Veteran, was moored. The defendant's vessel, the Panagos D. Pateras, was proceeding up the river. It was a large vessel fully loaded with manganese ore. The particular circumstances required the Pateras to pass near the Pyramid Veteran and presented the prospect of a large degree of hydraulic suction, the phenomenon created by a large vessel in a restricted channel. The suction effect of the Pateras's passing damaged the Pyramid Veteran.

In this action plaintiff seeks to recover for that damage. Plaintiff claims, and the district court found, that the Pateras was moving at an unduly high rate of speed, thus increasing the amount of suction and causing the accident. Defendant claims, and the district court also found, that the

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Pyramid Veteran was improperly moored in that its lines were slack, and that this negligence was another cause of the accident. The court apportioned damages ⅔ to defendant's negligence and ⅓ to plaintiff's negligence.

■ On appeal each party challenges the finding that it was negligent. Defendant emphasizes that the district court found that its vessel was proceeding only fast enough to maintain steerageway. The district court also found, however, that due care required the Pateras to maintain a lower speed, relying for steerage on the two tugs that already had lines up to the vessel. The captain of the Pateras had observed the Pyramid Veteran's slack lines and should have known of the suction danger. The Pateras was a large, heavily loaded vessel and had to pass near the Pyramid Veteran. Under the particular circumstances we uphold the district court's conclusion that due care required the Pateras to proceed more slowly. We refuse to rule that as a matter of law the due care standard can never require a vessel with tugs available to proceed at a speed below steerageway.[1]

■ We also uphold the district court's conclusion that plaintiff was negligent in improperly mooring its vessel, the Pyramid Veteran. Plaintiff's claim that the evidence does not support that finding is without merit. In any event plaintiff did not cross-appeal, and we therefore cannot sustain its attempt to increase the amount of its judgment.

The judgment of the district court is AFFIRMED.

---

1. Defendant also claims that the district court erroneously applied a presumption that a moving vessel is at fault when its passing results in damage to a moored vessel. Defendant asserts that the presumption against moving vessels applies only when the other vessel is *properly* moored, which the Pyramid Veteran was not. We find no occasion to assess defendant's proposition of law. Although the district court referred to the presumption in reviewing the law in this area, it assigned no weight to the presumption in making its factual findings with respect to the accident here. The district court found both parties negligent on the basis of the evidence presented; the findings did not derive from any presumption.