**SEA–LAND SERVICE, INC., Plaintiff,**

v.

**AMERICAN LOGGING TOOL CORP., Defendant.**

No. C84–1183M.

United States District Court, W.D. Washington, at Seattle.

April 23, 1985.

Vincent R. Larson, Rodney L. Brown, Jr., Riddell, Williams, Bullitt & Walkinshaw, Seattle, Wash., for plaintiff.

Michael C. Hayden, Merrick, Hofstedt & Lindsey, Seattle, Wash., for defendant.

## ORDER

McGOVERN, Chief Judge.

In a prior action, Ottavio Tarlao sued Plaintiff and Defendant herein for injuries sustained while performing longshoring services for Plaintiff and using a piece of equipment manufactured by Defendant. During the pendency of that case, Plaintiff instituted this action in admiralty against Defendant seeking indemnity and/or contribution. Plaintiff and Defendant both settled the case with Tarlao.

Defendant American Logging now moves to dismiss this indemnity action alleging that the suit is foreclosed by R.C.W. § 4.22.060 or by admiralty law. Upon examining the authority cited by both parties, it is clear that Defendant's motion must fail.

Washington law, and R.C.W. § 4.22.060, do not control in this admiralty action. Admiralty law governs maritime tort actions whether filed *in rem* or *in personam,* whether filed in State or Federal court, or whether filed under admiralty, diversity, or any other jurisdictional statute. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1958); *Stainless Steel & Metal Manufacturing Corp. v. Sacal*

*V.I., Inc.*, 452 F.Supp. 1073, 1077 (D.Puerto Rico 1978). Since Sea-Land filed this lawsuit for indemnity against American Logging under this Court's admiralty jurisdiction, admiralty law applies. As the Third Circuit held, "in a maritime case the right of contribution is governed by federal, not state law." *Pastore v. Taiyo Gyogyo, K.K.*, 571 F.2d 777, 784 (3d Cir.1978).

 Moreover, admiralty law recognizes that even where a party to a lawsuit settles, it may still bring an indemnity action against a joint tort feasor. *Wisconsin Barge Line, Inc. v. Barge CHEM 300*, 546 F.2d 1125 (5th Cir.), *reh'g en banc denied*, 550 F.2d 41, 42 (1977); *T.J. Stevenson & Co. v. George W. Whiteman Towing, Inc.*, 1971 A.M.C. 345 (E.D.La.1970).

The cases cited by Plaintiff are not to the contrary. *Gomes v. Brodhurst*, 394 F.2d 465 (3d Cir.1967) applied Virgin Islands law, not admiralty law. *Luke v. Signal Oil & Gas Co.*, 523 F.2d 1190 (5th Cir.1975) applied Louisiana law. In *Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246, 1251 (5th Cir.1979) one defendant contractually relinquished its right to contribution against the settling defendant. Far from supporting American Logging's position here, *Leger* implies that the defendant has something in the first place that it could contractually relinquish, i.e., a right to contribution. The remaining cases cited by Defendant are not on point.

Therefore, it is hereby ORDERED:

(1) Defendant's motion to dismiss is DENIED; and

(2) The Clerk of the Court shall direct uncertified copies of this Order to counsel of record.