Michael P. MAXWELL,
Plaintiff–Appellant,

v.

HAPAG–LLOYD AKTIENGESELLS-CHAFT, HAMBURG,
Defendant–Appellee.

No. 87–4198.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1988.*

Decided Dec. 7, 1988.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Raymond J. Conboy, Frank Pozzi, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for plaintiff-appellant.

Craig C. Murphy, Wood Tatum Mosser Brooke & Landis, Portland, Or., for defendant-appellee.

Before BROWNING, TANG and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

The plaintiff-appellant, Michael Maxwell, was injured by a fall that allegedly occurred as a result of the wake from the ship of the defendant-appellee, Hapag-Lloyd Aktiengesellshaft. Maxwell contends that the trial judge should have given his requested jury instruction on presumed fault for damage caused by the wake of a moving vessel and should not have allowed as a cost under Fed.R.Civ.P. 54(d) expenses for photographic materials used by the defendant. We affirm on both issues.

I

At the time of the accident, Maxwell was in the hold of a 28-foot fiberglass fishing boat, unloading the previous night's catch from the Columbia River. The boat was tied to a private moorage, Toteff's Dock, near Kalama, Washington, on the Columbia River. Alerted by a noise, Maxwell came out of the hold, fell between the boat and the dock, and broke his leg. Maxwell contends that his fall was caused by an unusually large wake from the M/V Ludwigshafen Express, headed upriver towards Portland. He alleges that the vessel was traveling at excessive speed and without a proper lookout, and failed to maintain proper control or give warning. Hapag-Lloyd responds that Maxwell's injuries were caused by his own negligence, and that the vessel was operated properly.

During trial, Maxwell requested a jury instruction stating that when the wake of a "passing ship ... produces unusual motion [of a properly moored vessel] which causes injury to someone on board the vessel, there is a presumption of fault...." The trial court rejected Maxwell's requested instruction, and instead instructed the jury that

it is the duty of every shipowner, and operator, to use reasonable care not to injure persons upon the shore or upon vessels or other structures near the shore of navigable waters through which the shipowner and the operator's vessel pass.... A vessel has a duty to proceed carefully and at such speed so as to avoid creating unusual swells which may damage persons or property along the shores. The masters and officers of vessels must consider the reasonable effects to be anticipated from its speed and motion through the water, and must reduce speed or take such precautions as may be reasonably necessary to prevent injury or damage under the circumstances. The vessel in navigation has a duty to keep a reasonable lookout for other vessels whether moored or in navigation, which may be affected by the navigating vessel's wake.

On July 13, 1987, the district court entered a judgment for the defendant, following a jury finding that Hapag-Lloyd was not negligent.

II

The standard of review for a trial court's jury instruction is abuse of discretion. *Hasbrouck v. Texaco, Inc.,* 842 F.2d 1034, 1044 (9th Cir.1987), *petition for cert. filed,* June 14, 1988; *Lewy v. Southern Pacific Transportation Co.,* 799 F.2d 1281, 1287 (9th Cir.1986). If the instructions on each element are adequate to ensure that the jury understands the issues, no particular formulation is necessary. *Hasbrouck,* 842 F.2d at 1044. The trial court is not required to adopt an instruction requested by a party if the instructions given allow the jury intelligently to determine the issues. *Heath v. Cast,* 813 F.2d 254, 261 (9th Cir. 1987), *cert. denied,* — U.S. ——, 108 S.Ct. 147, 98 L.Ed.2d 103.

The district court properly applied federal admiralty law. A federal court sitting in

diversity normally applies state substantive law in personal injury actions. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). However, cases occurring on navigable waters, and maritime in character, are governed by federal admiralty law. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 630, 79 S.Ct. 406, 409, 3 L.Ed.2d 550 (1959); *Continental Casualty Co. v. Canadian Universal Insurance Co.,* 605 F.2d 1340, 1344 (5th Cir.1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980); *Sea–Land Service, Inc. v. American Logging Tool Corp.,* 637 F.Supp. 240, 240 (W.D.Wash.1985).

The court informed the jury that Hapag–Lloyd had a duty to use reasonable care not to create unusual swells capable of causing damage to shoreside persons or property. Maxwell requested an instruction that would have expanded the presumption of fault which applies to physical damage to a properly moored vessel.

A moving vessel that hits a stationary object is presumptively at fault. *Weyerhauser Co. v. Atropos Island,* 777 F.2d 1344, 1347 (9th Cir.1985), *citing The Louisiana,* 70 U.S. (3 Wall.) 164, 173, 18 L.Ed. 85 (1865). Similarly, if the wake of a passing ship damages a docked vessel, the moving vessel is presumed to be at fault. *West India Fruit & Steamship Co. v. Raymond,* 190 F.2d 673, 674–75 (5th Cir.1951); *Creole Shipping Ltd. v. Diamandis Pateras, Ltd.,* 410 F.Supp. 313, 319 (S.D.Ala. 1976), *aff'd* 554 F.2d 1348 (5th Cir.1977). In this case, no damage was sustained to any vessel.

■ A presumption of fault does not extend to personal injuries occurring as a result of a fall on properly moored vessels that do not themselves suffer damage. *See* Annotation, *Res Ipsa Loquitur With Respect to Personal Injuries or Death On or About Ship,* 1 ALR 3d 642, 657–660 (1965). In negligence actions generally, fault should not be presumed in the case of an injury resulting from a fall. Unlike damage to a properly moored vessel, an accidental fall does not justify a presumption that negligence caused it. *See* Keeton,

*Prosser and Keeton on Torts* § 39 at 246 (1984).

Maxwell misreads his authority for extending the presumption to personal injuries. In *Couch v. Bowman,* 263 F.Supp. 714 (E.D.Tenn.1966), the district court found as a fact that Bowman negligently piloted his vessel and created a large wave which caused Couch to be thrown from his boat dock into the lake. A passage included in the decision referred to an opinion stating that the burden of proof was shifted to the defendant once the plaintiff proved that swells caused damage to a properly moored vessel. *See O'Donnell Transportation Co. v. M/V Maryland Trader,* 228 F.Supp. 903, 909 (S.D.N.Y. 1963). This passage was not necessary to the holding in *Couch. See* 263 F.Supp. at 716–17. Decisions involving personal injuries occurring while aboard a moving vessel that result from the wash of another moving vessel have imposed a duty of reasonable care but not a presumption of fault. *See Anthony v. International Paper Co.,* 289 F.2d 574, 579–81 (4th Cir.1961) (lookout duty); *Moran v. M/V Georgie May,* 164 F.Supp. 881, 884–85 (S.D.Fla. 1958); *see also Byrd v. Belcher,* 203 F.Supp. 645, 648 (E.D.Tenn.1962). *But cf. Sweeney v. Car/Puter International Corp.,* 521 F.Supp. 276, 280, 285–86 (D.S.C. 1981) (imposing a duty of reasonable care and discussing, but not relying upon, res ipsa loquitur.)

Maxwell's discussion of cases that impose a presumption of fault if a statute or rule has been violated is inapplicable. *See Trinidad Corp. v. S.S. Keiyoh Maru,* 845 F.2d 818, 824 (9th Cir.1988) (explaining the rule of *The Pennsylvania,* 86 U.S. (19 Wall.) 125, 22 L.Ed. 148 (1873)). No violation was found in this case. *Cf. id.* at 826 (failure to post lookout violates statutory duty).

■ The instructions of the trial judge were a proper statement of the law and reasonable. The instructions did not impose a presumption of fault, but did impose a duty of reasonable care to avoid creating damaging or injurious swells.

## III

Maxwell also appeals the district court's award of costs for $558.35 of photographic expenses incurred by Hapag–Lloyd. A trial judge's award of costs is reviewed for abuse of discretion. *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983).

Maxwell contends that *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), precludes the recovery of these type of costs. Interpreting 28 U.S.C. § 1920 as defining allowable costs for purposes of Fed.R.Civ.P. 54(d), *Crawford* limited the fees paid to a party's expert witnesses to the $30 per day set out in 28 U.S.C. § 1821. Maxwell claims that the Court's interpretation in *Crawford* of 28 U.S.C. § 1920 prevents the trial court from awarding costs for photographic expenses under Rule 54(d), because photographic expenses are not included in § 1920.

Hapag–Lloyd would limit *Crawford* to its facts, which concern a party's expert witness fees, and ignore the Court's explanation of the relationship between 28 U.S.C. § 1920 and Rule 54(d). This argument fails. *See Crawford*, 107 S.Ct. at 2497.

■ The costs of the photographic materials used at the trial are encompassed by the statute's allowance for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4). In the context of § 1920, "exemplification and copies of papers" has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids. *See Little Oil Co. v. Atlantic Richfield Co.*, 852 F.2d 441, 448 (9th Cir.1988); *In re Air Crash Disaster*, 687 F.2d 626, 632 (2d Cir.1982); *Northcross v. Board of Education*, 611 F.2d 624, 642 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980); *Mikel v. Kerr*, 499 F.2d 1178, 1182 (10th Cir.1974); *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 722–23 (N.D.Ill.1982); Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 584–85 (1984). *Contra Studiengesellschaft Kohle mbH v.*

*Eastman Kodak Co.*, 713 F.2d 128, 132–33 (5th Cir.1983); *Specialty Equipment & Machinery Corp. v. Zell Motor Car Co.*, 193 F.2d 515, 520 (4th Cir.1952). We recognize that *Crawford* strictly limits reimbursable costs to those enumerated in § 1920. We hold only that the common meaning of the phrase "exemplification and copies of papers" may under certain circumstances encompass illustrative materials if "*necessarily* obtained for use in the case," as § 1920 requires (emphasis added). *See* Wright, Miller & Kane, 10 *Federal Practice & Procedure* § 2677 at 364; J. Moore, Taggart & Wicker, 6 *Federal Practice* ¶ 54.77(6) (1977).

■ Hapag–Lloyd did not claim its photographic expenses as fees for exemplification or copies of papers on the form, "Bill of Costs," provided by the district court. Instead, it listed them as "other costs" and provided an explanation. Hapag–Lloyd's choice of how to categorize the costs does not alter their acceptability under 28 U.S.C. § 1920. The district court found that the photographic materials were used in the trial, were necessary for an understanding of the issues, and were of material aid to the jury. Photos of the dock and vessel and videotapes of the wake at shore were introduced as trial exhibits. Given the site-specific nature of the accident, the benefit of the visual aids at trial justifies their modest cost.

The trial judge did not abuse his discretion in requiring Maxwell to pay $558.35 for the photographic materials expense.

AFFIRMED.