892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The HERTZ CORPORATION, a Delaware corporation, Plaintiff-Appellee,
v.
Felipe C. LAFRADEZ, Defendant-Appellant.
 Nos. 88-15111, 88-15461.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1989.*
Decided Dec. 12, 1989.
 
 Before ALARCON, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Felipe Lafradez (Lafradez) appeals from the district court's judgment and award of costs in favor of The Hertz Corporation (Hertz). Hertz sought a declaratory judgment pursuant to 28 U.S.C. § 2201 that Hertz had no obligation to provide no-fault benefits to Lafradez, and sought to recover attorneys' fees and costs incurred.
 
 
 3
 Lafradez contends that the district court based its judgment for Hertz--that there was no accidental harm caused by a motor vehicle--solely on absence of physical contact. The district court, however, specifically found both that the Hertz vehicle did not physically come into contact with Lafradez and that the injuries suffered by Lafradez were not caused by a motor vehicle accident in accordance with Hawaii Revised Statutes Section 294-9.[1] There is no express or implied causal link between the two separate findings.
 
 
 4
 We review the district court's findings of fact under the clearly erroneous standard. Under that standard, we accept trial court findings unless we have a definite and firm conviction that a mistake has been committed. Roadway Express, Inc. v. Jossy, 853 F.2d 736, 738 (9th Cir.1988). Under Rule 52(a) of the Federal Rules of Civil Procedure, this court shall give due regard to the opportunity of a trial court to judge the credibility of the witnesses. From the testimony of Officer Jeffry Kam, and the operator of Hertz's vehicle, Gwendolyn Dalere, the district court specifically found no physical contact, and no accident caused by a motor vehicle. We do not have "a definite and firm conviction that a mistake has been committed." Roadway Express, 853 F.2d at 738. We therefore affirm the district court's judgment in favor of Hertz.
 
 
 5
 We review the award of costs to Hertz, and the denial of attorneys' fees to Lafradez for an abuse of discretion. Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767, 770 (9th Cir.1988) (costs); Beaudry Motor Co. v. ABKO Properties, Inc., 780 F.2d 751, 756 (9th Cir. (attorneys' fees), cert. denied, 479 U.S. 825 (1986).
 
 
 6
 A federal court in a diversity action must apply state law with regard to the allowance or disallowance of attorneys' fees. Diamond v. John Maskin Co., 753 F.2d 1465, 1467 (9th Cir.1985). Hawaii law does not allow Hertz to recover attorneys' fees unless the no-fault claim is found to be fraudulent or frivolous, see Haw.Rev.Stat. § 294-31 (repealed 1987), and the district court explicitly found that Lafradez's claim was not fraudulent or frivolous. The district court, however, awarded costs, not attorneys' fees. Rule 54(d) of the Federal Rules of Civil Procedure provides that, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(b). A presumption exists that the prevailing party will recover costs. True Temper Corp. v. CF & I Steel Corp., 601 F.2d 495 (10th Cir.1979). The award of costs thus does not have to be based on state law.
 
 
 7
 Lafradez cites Diamond v. John Martin Co., supra, to support the proposition that a federal court sitting in diversity must apply state law with respect to awards of attorneys' fees and costs. Diamond does not pertain to costs and thus is inapplicable. We find the award of costs to Hertz to be within the court's discretion.[2]
 
 
 8
 Finally, Lafradez contends that the district court erred in not awarding him fees under Hawaii Revised Statutes Section 294-30. That section provides that the court may award fees and costs unless it "determines that the claim was fraudulent, excessive, or frivolous." Haw.Rev.Stat. § 294-30 (repealed 1987). Although Lafradez's claim was not fraudulent, excessive, or frivolous, the district court retained discretion to decline to award attorneys' fees to Lafradez. See Rana v. Bishop Ins. of Haw., 713 P.2d 1363, 1372 (Haw.1985).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 294 of the Hawaii Revised Statutes was repealed in 1987. The current provisions can be found in Haw.Rev.Stat. § 431, Article 10C
 
 
 [2]
 Similarly, Lafradez must pay the costs of this appeal. See Fed.R.App.P. 39(a)