**Michael W. KELLY, Plaintiff,**

v.

**SAFEWAY STORES, INC., and Frito–Lay, Inc., Defendants.**

**No. CV 86–53–H–CCL.**

United States District Court,
D. Montana,
Helena Division.

Dec. 12, 1990.

Donald J. Beighle, Deer Lodge, Mont., John A. Alexander, Frank Burgess, Butte, Mont., for plaintiff.

Robert C. Reichert, Billings, Mont., Gregory A. Eurich, Denver, Colo., for Safeway Stores, Inc.

R. Slaton Tuggle, III, Walter E. Johnson, Atlanta, Ga., Gary L. Davis, Helena, Mont., for Frito–Lay, Inc.

## OPINION AND ORDER

LOVELL, District Judge.

Before the court is Defendant Frito–Lay's motion for review of the clerk's taxing of costs. The clerk disallowed in their entirety all costs associated with the taking of depositions, pursuant to *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) and 28 U.S.C. § 1920. This apparently has been the rule applied by the clerk's offices throughout this district.

Since the clerk's office issued its memorandum the Ninth Circuit Court has decided that "the cost of deposition copies is 'encompassed' by section 1920(2), and is therefore properly taxed under the *Crawford* and *Maxwell [v. Hapag–Lloyd Aktiengesellschaft,* 862 F.2d 767 (9th Cir. 1988) ] holdings." *Alflex Corp. v. Underwriters Laboratories,* 914 F.2d 175, 177 (9th Cir.1990).

In *Alflex Corp.,* the Ninth Circuit Court affirmed a decision made by the United States District Court for the Central District of California pursuant to a local rule which is similar to the local rule of this district. Accordingly, the court finds that the taxation of costs in this matter is controlled by Local Rule 265–1(b) which states that "the Clerk shall allow the fees of the Court Reporter at the rates specified by the Judicial Conference of the Ninth Cir-

cuit, or the actual fees paid by the prevailing party, *whichever is less,* for the *originals* of any depositions which were taken in the case at the instance of *the prevailing party."* R.P.Dist.Mont. 265–1(b) (emphasis added).

The court has reviewed the bill of costs submitted by Defendant and finds that the bill does not comport with Rule 265–1(b). Defendant can only recover costs for those depositions which were taken at Defendant's request; according to Plaintiff, Defendant included the cost of depositions taken at Plaintiff's request in the original bill of costs. In addition, Defendant has attempted to include the cost of copies and has not itemized the per page cost for the originals. The clerk cannot determine the reasonableness of the costs without reference to the number of pages transcribed. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for review of the clerk's taxing of costs is GRANTED. Defendant shall submit a bill of costs in accordance with R.P.Dist.Mont. 265–1 by December 27, 1990. The clerk shall review the bill of costs in accordance with this order.

The clerk is directed forthwith to notify counsel of entry of this order and to send copies of the same to Judge Hatfield, Judge Shanstrom, and to the members of the rules commission.