**Larry Darnell JONES, Plaintiff–
Appellant,**

v.

**R. KOLB, Ruo, et al., Defendants–
Appellees.**

No. 02–2179.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2003.

Larry Darnell Jones, pro se, Marquette Branch Prison, Marquette, MI, for Plaintiff–Appellant.

Kristin M. Smith, Patrick J. Wright, Mitchell J. Wood, Office of the Attorney General Corrections Division, Lansing, MI, for Defendant–Appellee.

Before SILER and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

### ORDER

Larry Darnell Jones, a Michigan prisoner proceeding pro se, appeals a district court order denying his motion to tax costs and his motion for reconsideration of order taxing costs upon him. Jones has filed a motion for injunctive relief. He has also filed a motion to reject and deny all further appeals by the defendants. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones sued several prison officials at the Standish Maximum Correctional Facility ("SMF") in Standish. Michigan. The complaint was filed on June 22, 2000 based on 42 U.S.C. § 1983. Jones claimed that his civil rights were violated when defendant R. Kolb, with after-the-fact complicity from SMF officials, encouraged another inmate to murder him, that Kolb and others retaliated against him for reporting the plot by contaminating his food, and that the defendants unlawfully blocked his access to the courts by limiting his access to a typewriter. The district court dismissed Jones's complaint on June 4, 2002. Jones appealed from that decision on June 27, 2002 (appeal No. 02–1822), but a subsequent motion to voluntarily dismiss appeal No. 02–1822 was granted on October 4, 2002. In the interim, on August 22, 2002, Jones filed a motion seeking to tax costs upon the defendants and for reconsideration of the district court's August 5, 2002, order taxing costs upon Jones. The district court denied the motion in an order filed August 30, 2002. This appeal followed.

The district court's denial of Jones's motion to tax costs is reviewed for an abuse of discretion. See Maxwell v. Hapag–Lloyd Aktiengesellschaft, Hamburg, 862 F.2d 767, 770 (9th Cir.1988). Upon review, we conclude that the district court did not abuse its discretion when it denied Jones's motion to tax costs against the defendants. Judgment was entered in favor of the defendants and against Jones on June 4, 2002. Rule 54(d) of the Federal Rules of Civil Procedure provides for the allowance of costs to the prevailing party. See Fed. R.Civ.P. 54(d); Sales v. Marshall, 873 F.2d 115, 122 (6th Cir.1989). Jones was not the prevailing party and was not entitled to costs.

Upon further review, we conclude that the district court did not abuse its discretion when it denied Jones's motion to reconsider the August 5, 2002, order taxing costs against him. See Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). Contrary to Jones's claim, his indigency does not bar the imposition of costs against him. See Singleton v. Smith, 241 F.3d 534, 540–41 (6th Cir.2001).

Accordingly, the district court's order is affirmed. All pending motions are denied as moot. Rule 34(j)(2)(C). Rules of the Sixth Circuit.

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.