David C. HOBSON; D.C. Hobson, DDS, MS, a Professional Corporation, Plaintiffs–Appellees,

v.

ORTHODONTIC CENTERS OF AMERICA INCORPORATED; Orthodontic Centers of California Incorporated, Defendants–Appellants.

David C. Hobson; David C. Hobson, DDS, MS, a Professional Corporation, Plaintiffs–Appellees,

v.

Orthodontic Centers of America Incorporated; Orthodontic Centers of California Incorporated, Defendants–Appellants.

Nos. 05–15105, 05–15857.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Jan. 29, 2007.

Scott Malm, Esq., Cassel Malm Fagundes, Matthew C. Bradford, Esq., Law Offices of Mark B. Robinson, Stockton, CA, for Plaintiffs–Appellees.

Robert F. Tyler, Esq., Daniel L. Baxter, Esq., Thomas R. Redmon, Esq., Wilke, Fleury, Hoffelt, Gould & Birney, Sacremento, CA, Gibson E. Pratt, Esq., OCA, Inc., Metairie, LA, for Defendants–Appellants.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Orthodontic Centers of America, Inc. and Orthodontic Centers of California, Inc. (together "OCA") appeal three of the district court's rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court on all three issues.

■ First, OCA contends that the district court improperly removed the promissory notes from the case. However, OCA abandoned this claim when it consented to removing the promissory notes at trial.[1] Thus, we will not consider it on appeal.

■ Second, the district court applied the correct legal standard to determine which party was the prevailing party.[2] The parties' Business Services Agreement ("the Agreement") provided that the prevailing party on any legal action under the Agreement was entitled to recover attorneys' fees and costs. Both parties' respective claims arose out of the other party's alleged breaches of the Agreement. Thus, the district court correctly determined that California Civil Code § 1717[3] governed the "prevailing party" determination.[4] It also correctly determined that Hobson was the prevailing party.[5]

■ Third, the district court properly awarded all costs to Hobson. The plain language of the Agreement indicated that OCA and Hobson intended the prevailing party to recover all its costs.[6] Therefore, 28 U.S.C. §§ 1821 and 1920 do not control.[7] Finally, the amount of costs awarded to Hobson was proper and well within the district court's discretion.[8]

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. See BankAmerica Pension Plan v. McMath, 206 F.3d 821, 826 (9th Cir.2000) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case.").

2. We review whether the district court applied the correct legal standard de novo. Berkla v. Corel Corp., 302 F.3d 909, 917 (9th Cir.2002).

3. See CAL. CIV.CODE § 1717(a) (providing that when a contract entitles the "prevailing party" to attorneys' fees and costs, the "prevailing party" in the contract action is the party prevailing "on the contract") (emphasis added).

4. See Sears v. Baccaglio, 60 Cal.App.4th 1136, 70 Cal.Rptr.2d 769, 771 (1998) (holding that a prevailing party analysis under § 1717 is appropriate in contract actions because the prevailing party is not necessarily the party with the net monetary recovery).

5. "Identification of the prevailing party for purposes of California Civ[il] Code § 1717 is an issue that [is reviewed] for abuse of discretion." United States ex rel. Palmer Const., Inc. v. Cal State Elec., Inc., 940 F.2d 1260, 1261 (9th Cir.1991).

6. We review issues of contract interpretation de novo. Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co., 307 F.3d 944, 949 (9th Cir.2002). "The clear and explicit meaning of [contract provisions], interpreted in their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage, controls judicial interpretation." Id. at 950 (internal quotation marks omitted).

7. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (holding that 28 U.S.C. §§ 1821 and 1920 do not limit cost recovery if a contract explicitly authorizes additional costs). Although Crawford deals with a party's expert witness fees, the Supreme Court's explanation of the relationship between § 1920 and Rule 54(d) is not limited to those facts. See Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg, 862 F.2d 767, 770 (9th Cir.1988).

8. "We review for abuse of discretion an award of costs to a prevailing party pursuant

---

to Rule 54(d)." *Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.,* 425 F.3d 708, 723 (9th Cir.2005).

