Carl LANCASTER and Joseph Vokaty, Plaintiffs,

v.

The OHIO RIVER COMPANY, Cozzi Iron and Metal, Inc., Material Service, Inc., and Rodi Boat Company, Inc., Defendants.

Raymond HANSEN, Plaintiff,

v.

The OHIO RIVER COMPANY and Cozzi Iron and Metal, Inc., Defendants.

Hans KOLB, Plaintiff,

v.

The OHIO RIVER COMPANY, Cozzi Iron and Metal, Inc., Material Service, Inc., and Rodi Boat Company, Inc., Defendants.

Nos. 76 C 1790, 76 C 1813 and 76 C 3018.

United States District Court, N. D. Illinois, E. D.

March 6, 1978.

Barry H. Greenburg, Vernon Tittle, Chicago, Ill., for plaintiffs Lancaster and Vokaty.

Jerome J. Duchowicz, Haskell & Perrin, Chicago, Ill., for plaintiff Hansen.

Francis J. Valentine and Associates, Ltd., Chicago, Ill., for plaintiff Kolb.

Harold L. Witsaman, Ray, Robinson, Keenen & Hanninen, Chicago, Ill., for defendant Ohio River Co.

Perry L. Fuller, Karl M. Tippet, Hinshaw, Culbertson, Moelmann & Fuller, Chicago, Ill., for defendant Cozzi Iron and Metal.

Louis R. Hegeman, Gould & Ratner, Chicago, Ill., for defendant Material Service, Inc.

John F. Horvath, Conklin, Leahy & Eisenberg, Ltd., Chicago, Ill., for defendant Rodi Boat Co.

## MEMORANDUM OPINION

FLAUM, District Judge:

The instant consolidated actions in admiralty involve the claims of four owners of pleasure craft which were damaged on November 10, 1975. Plaintiffs allege that each of the four defendants is liable for the damage to their yachts because of certain negligent acts committed by defendants. Presently before the court are motions for summary judgment filed by three of the defendants, Rodi Boat Co., Inc. (Rodi), The Ohio River Co. (Ohio River), and Material Service, Inc. (Material). After a general statement of the relevant facts in this

cause, this court will consider each summary judgment motion seriatum. .

### 1. Background

On November 10, 1975, plaintiffs were owners of certain boats which were moored at the docking facilities owned and operated by the defendant Rodi. These boats were placed in the care and custody of Rodi for purposes of dry docking. On November 5, 1975 the Ohio River owned a barge named Ohio River Barge ORG 2525. Ohio River had contracted with Material to have Barge ORG 2525 towed to the Cozzi Iron and Metal, Inc's (Cozzi) shipping yards so that, pursuant to an agreement, Cozzi could use the barge in the transport of steel. Material did tow Barge ORG 2525 to the Cozzi yards and moored the empty vessel there. Thereupon, on or about November 10, 1975 the Barge ORG 2525 broke from its moorings at the Cozzi facility, after having been filled with steel, and drifted to the Rodi dock where the Barge ORG 2525 struck and damaged plaintiffs' vessels. It is undisputed that at the time the Barge ORG 2525 broke loose, a storm with 50 mile per hour winds was taking place.

### 2. Rodi's Motion for Summary Judgment

Plaintiffs' theory of the case against defendant Rodi is that Rodi failed to properly store plaintiffs' vessels in a safe place so as to prevent them from being damaged by other vessels moving on the waterway. Plaintiffs argue that a bailment existed between them and Rodi requiring Rodi to return plaintiffs' yachts in the same condition as they were in when plaintiffs' gave custody of the vessels to Rodi for storage. Thus, plaintiffs contend, since their vessels were damaged while in Rodi's custody and control, a presumption exists which raises the inference that Rodi was negligent in caring for plaintiffs' crafts, a presumption *Rodi* must rebut by evidence or else Rodi will be held liable.

Rodi does not challenge plaintiffs' legal theories but rather argues in support of its summary judgment motion that there is no genuine issue of material fact Rodi was not negligent in caring for plaintiffs' boats. This contention is supported by two affidavits of employees of Rodi stating that reasonable care was taken in protecting plaintiffs' boats from damage prior to the November 10, 1975 incident.

 Although plaintiffs have not provided counteraffidavits in their opposition to Rodi's motion, this court must agree that summary judgment is not appropriate as to defendant Rodi. Thus, this court agrees with plaintiffs' position that a genuine issue of material fact exists as to whether or not it was proper for Rodi to keep plaintiffs' boats in the water prior to their being stored. Moreover, on issues such as negligence, especially when the basic facts are within the defendant's exclusive control, credibility questions are important issues which should be presented and preserved for decision by the ultimate fact finder.

Accordingly, Rodi's motion for summary judgment is denied.

### 3. Ohio River's Motion for Summary Judgment

In support of their claim against Ohio River, plaintiffs rely on the rule enunciated in *The Louisiana,* 70 U.S. (3 Wall.) 164, 18 L.Ed. 85 (1865), that when a drifting vessel strikes an immobile vessel on a waterway, the owner of the moving vessel has the burden of proving that its vessel was not negligent in striking the stationary vessel. As the Supreme Court stated:

The collision being caused by the Louisiana drifting from her moorings, she must be liable for the damages consequent thereon, unless she can show affirmatively that the drifting was the result of inevitable accident, or a *vis major,* which human skill and precaution, and a proper display of nautical skill could not have prevented.

*Id.* at 173. Thus, plaintiffs contend that since Ohio River owns Barge ORG 2525, it is required to prove freedom from negligence and plaintiffs may rely on the *Louisiana* presumption to obtain recovery from Ohio River.

While defendant Ohio River, along with this court, accepts the legal existence of *The Louisiana* presumption, Ohio River argues that as a matter of law it has established that it was in no way negligent in Barge ORG 2525 breaking from its mooring. With this contention this court must agree.[1]

Defendant Ohio River has established as undisputed fact that it entered into an agreement with Cozzi whereby Cozzi would employ Ohio River's Barge ORG 2525 in shipping steel. Accordingly, a bailment existed between Ohio River and Cozzi placing Barge ORG 2525 within the complete control and care of Cozzi. Thus, pursuant to Item 80(b) of the Ohio River Co.'s Local Freight Tariff 6–A entered into by Cozzi, it was agreed that Cozzi, as shipper, "would assume the duty and responsibility for the safety of the barge while in" its possession. Ohio River argues that since it relinquished control over Barge ORG 2525 to Cozzi, Ohio River could not have negligently caused the barge to drift from any mooring on November 10, 1975.

■ This court agrees with Ohio River's contention. Thus, the cases cited by the parties, and those found by this court, are consistent in holding that when the owner of a drifting barge establishes a "bailment" of the barge to another who obtains exclusive control and custody of the barge, the barge owner has proved as a matter of law that *The Lousiana* presumption of negligence is rebutted. *See Wisconsin Barge Line, Inc. v. Barge Chem. 301*, 390 F.Supp. 1388, 1394–95 (M.D.La.1975), *rev'd on other grounds*, 546 F.2d 1125 (5 Cir. 1977), *Van Nood v. Federal Barge Lines, Inc.*, 282 F.Supp. 890, 893 (E.D.La.1968); *Burns Bros.*

*v. Long Island R. Co.*, 176 F.2d 406, 409 (2d Cir. 1949); *Jones & Laughlin Steel Corp. v. Vang*, 73 F.2d 88, 89–91 (3d Cir. 1934); *cf. Pasco Marketing, Inc. v. Taylor Towing Serv., Inc.*, 554 F.2d 808, 810 (8th Cir. 1977) (failure to prove bailment led to barge owner's liability). None of the cases cited by plaintiffs involve bailment situations wherein the owner of the drifting barge had no control over the vessel at the time the collision occurred. *See Swenson v. The Argonaut*, 204 F.2d 636 (3d Cir. 1953).

Accordingly, since Ohio River has established by undisputed fact that Cozzi had complete and exclusive control over Barge ORG .2525 on November 10, 1975, it has completely rebutted the *Louisiana* presumption and has established its freedom from negligence in this case. Plaintiffs having presented no evidence to suggest affirmative negligence[2] by Ohio River, summary judgment dismissing the complaint as to Ohio River is granted.

### 4. Material's Motion for Summary Judgment

Material argues that once it safely towed Barge ORG 2525 to the Cozzi docks and properly moored it there, its responsibility for the barge ended. Accordingly, Material contends that it owed no duty to plaintiffs on November 10, 1975 to see that the barge continued to be moored properly for the conditions that arose on that day. Basically, Material argues that Cozzi is solely liable for any damage to plaintiffs' boats if there was any negligence in Barge ORG 2525 moorings after November 5, 1975.

■ While Material is correct in its statement of the law that a towing compa-

---

1. While it is not clear whether the presumption established in *The Louisiana* has the effect of shifting the *burden of persuasion* onto the owner of the drifting vessel to establish lack of negligence, or whether the vessel's owner merely has the *burden of going forward* with evidence of lack of negligence, *compare Pasco Marketing, Inc. v. Taylor Towing Service,* 411 F.Supp. 808, 812 (E.D.Mo.1976), *aff'd in part, rev'd in part,* 554 F.2d 808 (8th Cir. 1977), *with Van Nood v. Federal Barge Lines, Inc.,* 282 F.Supp. 890, 892 (E.D.La.1968), this court will

assume for purposes of this opinion that the former rule properly states the law with respect to the presumption's effect.

2. Thus, plaintiffs have not alleged nor presented any evidence showing that Ohio River was negligent in selecting Material to tow and moor Barge ORG 2525 to Cozzi's dock or that Material was Ohio River's agent making Ohio River liable for any negligent acts committed by Material in mooring the barge on November 5, 1975.

ny's responsibility for its tow ceases upon the proper mooring of the tow at the final destination of the tow pursuant to the towage agreement, *see, e. g., Pasco Marketing, Inc. v. Taylor Towing Service,* 411 F.Supp. 808, 816 (E.D.Mo.1976), *aff'd in part, rev'd in part,* 554 F.2d 808 (8th Cir. 1977); *Rice v. Cornell Steamboat Co.,* 153 F.Supp. 127 (E.D.N.Y.1957), this court is of the opinion that a genuine issue of material fact exists as to whether Material properly moored Barge ORG 2525 to the Cozzi docks on November 5, 1975.

■ As stated in *Pasco Marketing, Inc. v. Taylor Towing Serv., Inc.,* 554 F.2d 808 (8th Cir. 1977).

> The recognized rule has long been that a tug is bound to properly moor and make fast an unmanned barge it delivers, and that drifting which occurs within a *short time* thereafter, presumptively establishes fault on the part of the mooring vessel.

*Id.* at 811 (emphasis supplied). *See also The Norwich Victory,* 77 F.Supp. 264 (E.D. Pa.1948), *aff'd sub nom., United States v. Dump Scows No. 116, No. 120, and No. 122,* 175 F.2d 556 (3d Cir.), *cert. denied sub. nom., American Dredging Co. v. United States,* 338 U.S. 871, 70 S.Ct. 147, 94 L.Ed. 534 (1949). Thus, in *Pasco,* a presumption of negligence was created against the towing company when its tow/barge broke from its mooring *three days* after the barge had been moored at its final destination.

In the case at bar, Barge ORG 2525 broke from its moorings *five days* after it had been moored by Material. While this does not appear to be a relatively short period of time, and weather conditions changed from the time of initial mooring to breakaway, the presumption raises enough of an inference to require this court to find controverted and disputed the propriety of Material's mooring on November 5, 1975 of Barge ORG 2525. As disputed, Material's evidence of due care in mooring Barge ORG 2525 presented in its depositions and exhibits in support of the instant motion must be

presented at a trial wherein issues of credibility can be considered.

Accordingly, Material's motion for summary judgment is denied.[3]

### 5. Conclusion

Defendants Rodi's and Material's motion for summary judgment are denied. Defendant Ohio River's motion for summary judgment is granted.

---

**3.** This court does not address the question of whether Material had a single, round-trip towing agreement with Ohio River in regard to Barge ORG 2525 since, as the text indicates, a trial on the merits of any negligence by Material is required.