# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-30502

In re: In the Matter of the Complaint of INGRAM BARGE COMPANY, as owner of ING 4727, Petitioning for Exoneration from or Limitation of Liability

----------------

ETHEL MUMFORD; ET AL

                Claimants

versus

INGRAM BARGE COMPANY

                Petitioner

---------------------------------------------

In Re: In the Matter of the Complaint of UNIQUE TOWING, INC.; JOSEPH C. DOMINO, INC., as owner and operator of the M/V Regina H, Petitioning for Exoneration from or Limitation of Liability

--------------

ETHEL MUMFORD; LOUIS ALLEN; JAMES BROCK; VANESSA CARTER; JOHN DILLON; ET AL

                Claimants-Appellees

versus

UNIQUE TOWING, INC.; JOSEPH C. DOMINO, INC.

                Petitioners-Appellants

No. 08-30502

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4419
USDC No. 2:06-CV-3313

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioners-Appellants Unique Towing, Inc., as owner of the M/V REGINA H, a push-boat, and Joseph C. Domino, Inc., the vessel's transportation broker, appeal the district court's denial of exoneration after a bench trial in this limitation action pursuant to 46 U.S.C. § 30505. After reviewing the district court's factual findings for clear error and its legal conclusions *de novo*, *see In re Omega Protein, Inc.*, 548 F.3d 361, 367 (5th Cir. 2008), we AFFIRM for the following reasons:

1.  According to Domino and Unique, the REGINA H had no duty to reinforce the mooring lines between the empty and loaded unmanned dump barges when it rotated the two barges at Lafarge's request. However, a vessel owes a common-law duty to adequately moor an unmanned barge it tows. *Pasco Mktg., Inc. v. Taylor Towing Serv., Inc.*, 554 F.2d 808, 811 (8th Cir. 1977); *see also Dow Chem. Co. v. Barge UM-23B*, 287 F. Supp. 661, 665 (E.D. La. 1968) (noting a tower's duty "to properly and securely moor" an unmanned barge it tows; "failure to do so constitute[s] an act of negligence"), *aff'd* 424 F.2d 307 (5th Cir. 1970). By undertaking to rotate the barges at Lafarge's facility, the REGINA H assumed a duty to ensure they were both securely moored. That Lafarge may

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also have borne responsibility for the barges' mooring does not absolve the REGINA H of its own duty of care.

2. We also conclude that the passage of approximately 40 hours between the rotating of the barges and the arrival of Hurricane Katrina did not terminate the REGINA H's duty or render inapplicable the presumption that the vessel was at fault for the breakaway of the empty barge. *See, e.g.*, *Hood v. Knappton Corp.*, 986 F.2d 329, 330, 332 (9th Cir. 1993) (applying the presumption of negligence to tug that moored a log raft two months before it went adrift); *Pasco Mktg., Inc.*, 554 F.2d at 810, 812 (holding a tower who moored a barge three days before it broke free was subject to and failed to rebut the presumption of negligence); *Lancaster v. Ohio River Co.*, 446 F. Supp. 199, 203 (D.C. Ill. 1978) (denying summary judgment based on presumption that barge breakaway five days after mooring, even in the face of intervening changes of weather, was attributable to negligence of the tug). Nor did Domino or Unique present sufficient evidence to rebut the presumption of negligence. To the contrary, Raymond Grabert, Captain of the REGINA H, knew of the storm's imminent arrival, considered adding mooring lines between the barges, and failed to do so. We conclude that the district court did not clearly err in finding that the REGINA H breached its duty of care by negligently mooring the empty barge.

3. We also reject the contention that the negligence of the REGINA H's crew cannot be imputed to Domino because it is neither the vessel's owner nor its owner *pro hac vice*. It is well settled that even a non-owner is liable for its own negligence. *See Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993). In this case, Domino's general policy prohibited the REGINA H from utilizing its extensive inventory of rigging when securing barges except upon a customer's request. It was this policy that prompted Captain Grabert not to use any of the spare rigging aboard the REGINA H to reinforce the moorings between the empty and loaded Ingram barges after rotating them. Because

Domino's own policy precipitated the negligent conduct of the REGINA H's crew, the district court properly denied exoneration to Domino. In sum, we find no clear error with the district court's decision that Unique and Domino were not entitled to exoneration.

4.  Claimants voluntarily dismissed their appeal of the district court's grant of limited liability to Domino and Unique. Accordingly, we do not review that aspect of the judgment. *See Nw. Airlines, Inc. v. County of Kent*, 510 U.S. 355, 364–65, 114 S. Ct. 855, 862 (1994) (holding that a party must file a cross-appeal if it seeks to alter the judgment below on an issue not resolved in its favor).

    AFFIRMED.