TERRA RESOURCES, INC. et al.

v.

LAKE CHARLES DREDGING &
TOWING, INC. et al.

Civ. A. No. 781533.

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

March 18, 1981.

Stephen T. Victory, Liskow & Lewis, New Orleans, La., for plaintiff.

J.L. Cox, Jr., Woodley, Barnett, Cox, Williams & Fenet, Lake Charles, La., for Lake Charles Dredging and Parker Bros.

John Blackwell, Gibbens & Blackwell, New Iberia, La., for Century Towing and Utah Home Fire Ins. Co.

David A. Hurlburt, Fontenot & Hurlburt, Lafayette, La., for Aetna Cas. and Aetna Life.

## MEMORANDUM OPINION

**W. EUGENE DAVIS, District Judge.**

In January 1978 Lake Charles Dredging & Towing Co., Inc. (Lake Charles) was engaged in dredging operations in East Cote Blanche Bay. The dredging flotilla was composed of a dredge and two barges owned by Parker Brothers, Inc., and one barge owned by Lake Charles. On the morning of January 25, the crewmembers of Century Towing's vessel, THOMAS E. CLARY, tied the three barges to a mooring device selected and owned by Lake Charles. During the night the barges dragged the mooring device two miles and collided with production facilities and a pipeline owned by Terra Resources, Reading & Bates Petroleum Company, Petroleum Resources Company and Farmland Industries.

A suit for damages was filed against Lake Charles, Parker Brothers and their protection and indemnity insurer, Fidelity & Casualty Company of New York, seeking to recover for the damage to plaintiffs' property. This claim was eventually settled for $140,000 and the defendants received an assignment of rights against Aetna Casualty & Surety Company, Inc., Lake Charles' and Parker Brothers' comprehensive general liability insurer. The only issue left for determination concerns the applicability of Aetna's policy to the instant facts.

■ Aetna first contends that its policy is inapplicable due to a watercraft exclusion. However, under the stated facts, liability could also have been visited on Lake Charles due to its selection and ownership of the allegedly inadequate mooring device. Louisiana courts have taken the sound position that coverage is afforded despite an exclusion if a separate and unexcluded predicate for liability exists. *Johns v. State Farm Fire & Casualty Co.,* 349 So.2d 481 (La.App. 3rd Cir.1977); *Hurston v. Dufor,* 292 So.2d 733 (La.App. 1st Cir.1974) *writs refused* 295 So.2d 178 (La.1974). Therefore,

it is clear that the watercraft exclusion does not preclude coverage for this claim.

■ Under the test announced by the Fifth Circuit in *Wisconsin Barge Line, Inc. v. Barge Chem 300,* 546 F.2d 1125 (5th Cir.1977), an indemnitee need only show potential liability and a sufficient reason to have paid the amount in settlement in three circumstances: if the defense is tendered to the indemnitor; if the claim for indemnity is founded on a judgment; or if the claim is based on a written contract of insurance or indemnification.

■ In the instant case, Lake Charles and Parker Brothers did not tender the defense to Aetna, but to have done so clearly would have been vain and useless in light of Aetna's specific denial of coverage. Aetna argues that its written denial of coverage referred only to Lake Charles and that Parker Brothers was insured under the same policy and was the owner of two of the barges involved in the collision. Certainly it was reasonable to assume that Aetna would take a consistent position with respect to coverage of Parker Brothers' exposure by claiming that the same watercraft exclusion operated to deny coverage to Parker Brothers. For these reasons, I conclude that Lake Charles and Parker Brothers are entitled to the benefits of the *Wisconsin Barge Line* ruling and are required to prove only potential liability in order to recover from Aetna. (Aetna has stipulated that the amount paid was reasonable).

■ In the instant case, Lake Charles and Parker Brothers can easily establish potential liability to plaintiffs. It is well established that a presumption of fault exists against a moving vessel which strikes a stationary object, *Brown & Root Marine Operators, Inc. v. Zapata-Offshore Co.,* 377 F.2d 724 (5th Cir.1967); *Chevron Oil Co. v. M/V NEW YORKER,* 297 F.Supp. 412 (E.D.La.1969). The record contains no indication that evidence existed to rebut this presumption. Moreover, as owner of the mooring device which permitted the barges to move approximately two miles, Lake

Charles certainly faced exposure. For these reasons, Lake Charles and Parker Brothers have shown their potential liability within the meaning of *Wisconsin Barge Line.*

 Aetna also argues that since the watercraft exclusion in its policy excludes coverage for liability of Parker Brothers, only that amount of the settlement specifically attributable to Lake Charles is recoverable by Fidelity & Casualty. The record indicates that the settlement pool was created by a $10,000 contribution from Parker Brothers, a similar contribution from Lake Charles and $120,000 from Fidelity & Casualty. Aetna takes the position that the contribution from Fidelity & Casualty cannot be recovered because there is no indication whether this amount was paid on behalf of Parker Brothers or on behalf of Lake Charles, or some combination of the two. However, upon analysis, this contention lacks merit. Parker Brothers was potentially liable as the owner of two of the barges but the record is undisputed that Parker Brothers merely turned possession of unmanned barges over to Lake Charles. Lake Charles was the party in control of the entire operation and was the party principally at fault in selecting the mooring device and in failing to have the barges moved to a safe location. Although liability could have been visited on Parker Brothers due to its ownership of the barges, it seems beyond question that Parker Brothers could have demanded indemnification from Lake Charles. For this reason, it is reasonable to conclude that the entire contribution of Fidelity & Casualty was on behalf of Lake Charles and should therefore be recoverable from Aetna.

In light of these considerations and depending on the "other insurance" clauses in the two policies, Fidelity & Casualty is entitled to recover all or part of $130,000 from Aetna, that amount representing Lake Charles' $10,000 contribution to the settlement pool and the $120,000 contributed by the insurer itself on behalf of Lake Charles. However, Fidelity & Casualty cannot recover any part of the $10,000 contributed directly by Parker Brothers because Parker Brothers was only liable as the owner of the barges as to which the watercraft exclusion in Aetna's policy is fully applicable.

Counsel should brief the question of the liability of the two insurers under the "other insurance" provisions of their clients' policies. Counsel for Fidelity & Casualty should submit his brief on this issue within 15 days; a response should be filed by counsel for Aetna 10 days after receipt of Fidelity & Casualty's brief. The issue will be considered submitted at that time.