**CONTINENTAL CASUALTY COMPANY and JOHN RANDALL McDONALD, Plaintiffs**

**v.**

**UNITED STATES TRUST COMPANY OF NEW YORK, EXECUTOR OF THE ESTATE OF PHILIP M. CHILDS, Defendant**

Civil No. 81-207

District Court of the Virgin Islands

Div. of St. Croix

November 10, 1982

RHYS S. HODGE, ESQ., St. Thomas, V.I., *for plaintiffs*

JAMES L. HYMES, III, ESQ., St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case puts into issue the sufficiency of a complaint which sets forth a claim for common law indemnification. Defendant has moved to dismiss the complaint for failure to state a claim upon

which relief can be granted or in the alternative to dismiss on the basis that the issues raised therein are res judicata between the parties. Fed. R. Civ. P. 12(b)(6).

## I. The Procedural Background

The record indicates that plaintiff John Randolph McDonald and defendant United States Trust Company as executor of the estate of Philip M. Childs were both named as defendants in a separate civil action filed in the Division of St. Croix in 1978. Allaire v. United States Trust Company of New York, Civil No. 78-172, 1979 St. X. Supp. 270 (D.V.I. Oct. 24, 1979). In that action, it was alleged that while a tenant in a home owned by Philip M. Childs, Barry Allaire had sustained personal injuries when he fell through a hole in a deck of the house. Allaire and his wife brought suit against the estate of the homeowner grounded on theories of negligent repair by a landlord and breach of the implied warranty of habitability. They also sought recovery against McDonald, the architect who had designed the home, on a theory of negligence in that design.

The defendant homeowner moved for summary judgment against the Allaires. The motion was granted on the basis, inter alia, that the alleged defects in the maintenance and repair of the premises did not directly impair the residential purposes of the home and that their existence did not therefore violate the homeowner's implied warranty to the tenant. Allaire v. United States Trust Co., supra (Denial of plaintiffs' motion for reconsideration). Subsequent to the grant of summary judgment in favor of the homeowner, but prior to the trial date, the Allaires settled their claim against the co-defendant McDonald in consideration for $92,500.00. The parties entered into a stipulation for dismissal of the complaint without prejudice.

The present action was commenced by McDonald and his insurer. They seek to be indemnified for the sums paid as a settlement in the Allaire case as well as for the costs and attorney's fees incurred in defending the action. We must now decide whether the complaint of the indemnitees can survive a motion to dismiss.

## II. Discussion

■ A claim for noncontractual indemnity is recognized by the Restatement of Restitution (1937). Section 86 of the Restatement expressly authorizes a cause of action, such as the one asserted here, which seeks restitution on behalf of an individual who "has discharged a tort claim to which he and another were subject . . . ." See also, Restatement (Second) of Torts § 886B (1979). The underlying

291

principle of this type of implied indemnity among tortfeasors is that a tortfeasor whose negligence may be characterized as "passive" should not be compelled to pay damages that ought to have been paid by another wrongdoer whose negligence can be labeled as "active" or "primary". "Accordingly, it is generally held that a person, who, without fault on his part, has been compelled to pay damages is entitled to recover indemnity where, as between the parties in the indemnity action, the defendant is primarily liable while the plaintiff is only secondarily liable—that is, where the plaintiff is only technically or constructively liable to the injured party, or where his liability was based on a legal or contractural relationship with the defendant." 41 Am.Jur.2d Indemnity § 20 (1968) (footnotes omitted).[1]

 Implied indemnity cannot properly encompass those losses for which the defendant-indemnitor is clearly not liable and/or which the plaintiff-indemnitee has mistakenly or improperly paid. However, the authorities agree that:

> a person legally liable for damages who is entitled to indemnity may settle the claim and recover over against the indemnitor, even though he has not been compelled by judgment to pay the loss. The fact of voluntary payment does not negative the right to indemnity, since a person confronted with an obligation that he cannot legally resist is not obligated to wait to be sued and to lose a reasonable opportunity for compromise.

41 Am.Jur.2d, supra § 33 (footnotes omitted). The fact that plaintiffs in the present case had settled the claim for which they now seek restitution does not therefore jeopardize their standing or otherwise require a dismissal of the complaint. See also, Restatement of Restitution, supra, § 86 comment d (common law indemnity action available "whether or not suit has been brought by the injured person against the payor"). Accord, Wisconsin Barge Line Inc. v. Barge Chem, 300, 546 F.2d 1125, 1128 (5th Cir. 1977).

---

[1] The rule is thus an exception to the general proposition that no indemnity among joint tortfeasors will be recognized. It does not, moreover, alter the procedural rule enunciated by this Court in Martin v. Frett, 17 V.I. 475 (D.V.I. 1980), "that cross-claims for contribution based on a tort theory are superfluous because the trier . . . must apportion liability under the comparative negligence [statute]," 5 V.I.C. § 1451(d). See also, Brooks v. Jackson, Civ. No. 78-87, 1979 St. T. Supp 120 (D.V.I. March 23, 1979). However, as the present lawsuit comes in the form of a separate action for indemnity rather than as a cross claim, the provisions of § 1451(d) are in no way implicated. See also, Beloit Power Systems, Inc. v. Hess Oil Virgin Islands Corp., 18 V.I. 317 (D.V.I. 1981) (5 V.I.C. § 1451 does not limit an action for contribution).

█ It is true that in order to recover restitution of amounts paid to settle a prior tort claim, the plaintiff-payor must prove at least two elements: (a) that the settlement payment "terminated or reduced a valid claim against" him;[2] and (b) that "the settlement made with the injured party was reasonable under the circumstances." Restatement of Restitution, supra § 86 comment d. See also, National Marine Service, Inc. v. Gulf Oil Company, 433 F.Supp. 913, 916 (E.D. La. 1977). In addition, the plaintiffs herein will need to establish, by a preponderence of the evidence, the particular theory of "active-passive" negligence on which their indemnity claim rests, namely that the injuries sustained by Allaire were proximately caused by the defective repairs or maintenance of the homeowner Childs, while the contributing negligence of McDonald stemmed merely from his failure to discover or to prevent the defective work or from his reliance on Childs to act reasonably in maintaining the premises which he had initially (and nonnegligently) designed. Restatement (Second) of Torts, supra § 886B(2)(d) and (e); Restatement of Restitution, supra §§ 93 and 95. See also, Kaplan v. Merberg Wrecking Corp., 207 A.2d 732, 738 (Conn. 1965).

██ From the pleadings filed in the present case, it cannot be said as a matter of law that plaintiffs have failed to set forth a cognizable claim. Moreover, the questions of primary fault, the existence of the actual liability of the indemnitees to the third party and the reasonableness of their settlement thereto are exclusively factual in nature and lie therefore within the province of the trier. See, Terminal Transport Co., Inc. v. Cliffside Leasing Corp., 577 S.W.2d 455, 458 (Tenn. 1979) ("question of the existence of liability must be answered by probabilities as they existed at the time of settlement"); accord, Trim v. Clark Equipment Company, 274 N.W.2d 33, 36–37 (Mich. App. Ct. 1979). Accordingly, the complaint will not be dismissed on grounds of legal insufficiency.

█ Defendant also urges that the matters put in issue in the present case were necessarily and finally adjudicated in the prior action, and the plaintiffs are therefore precluded, under the doctrine of collateral estoppel, from prosecuting their indemnity claims. The general rule with respect to indemnity suits is that questions raised in the first action regarding the liability as between the indemnitee

---

[2] "A mere showing ... that there was a reasonable possibility that [plaintiff] might have been held liable if [he] had not settled the injured party's suit is not sufficient to recover indemnity; actual legal liability must be shown." 41 Am.Jur.2d, supra.

and the third party are conceptually distinct from questions in the subsequent action regarding the liability as between the indemnitee and indemnitor. The comments to the Restatement of Restitution emphasize that:

> In an action for restitution against a person claimed to be also liable [to the third party], . . . the prior action does not, of course, determine the question as to whether the other was an obligor, or whether as to the payor he was equally liable upon the obligation, nor other matters as to the relations between the payor and the other, including the proportion to be paid by each.

Id. § 81 comment h. Section 38 of the Restatement (Second) of Judgments (1982) bolsters that view by providing that co-defendants in the initial action are not precluded from raising those issues which they had not "actually litigate[d] fully and fairly as adversaries to each other" in the previous action. Because the two co-defendants in the Allaire action were never drawn into such a direct controversy—by way of cross claims or otherwise—none of the issues arising inter se and which are now the subject of the present lawsuit were decided or even litigated.[3] Accordingly, the matters set forth in plaintiffs' complaint are in no way restricted by the principles of issue preclusion.

For all the foregoing reasons, the motion of defendant will be denied.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant for dismissal be, and the same is, in all respects, hereby, DENIED.

---

[3] It is true that the issue of Childs' liability to the Allaires' was actually decided in the prior action. However, it was done so within the context of the scope of the landlord's duty to the tenant, rather than upon findings as to primary fault, the issue that is implicated in the present action. Conversely, none of the findings as to the scope of duty now preclude the defendant-indemnitor from disputing "the existence or extent of the [plaintiff-] indemnitee's liability to the injured person." Restatement (Second) of Judgments, supra, § 57 comment c. ("Effect on Indemnitor of Judgment Against Indemnitee.")