695 F.2d 828
 TERRA RESOURCES, INC., et al., Plaintiffs,
v.
LAKE CHARLES DREDGING & TOWING INC., et al., Defendants.
LAKE CHARLES DREDGING & TOWING INC. and Fidelity & Casualty
Co. of New York, Third Party Plaintiffs-Appellees,
v.
AETNA CASUALTY & SURETY, Third Party Defendant-Appellant.
 No. 81-3330.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 17, 1983.
 
 David A. Hurlburt, Lafayette, La., for third party defendant-appellant.
 Woodley, Barnett, Cox, Williams & Fenet, J.L. Cox, Jr., Lake Charles, La., for third party plaintiffs-appellees.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before BROWN, GOLDBERG and POLITZ, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 
 1
 Once again we set sail on the muddy seas of Louisiana contribution and indemnity law. Our voyage's purpose is to determine whether the district court erred in requiring Aetna Casualty & Surety to indemnify Lake Charles Dredging & Towing, Inc. and Fidelity & Casualty Insurance Co. for money paid in settlement to Terra Resources, Inc., and other plaintiffs (Terra)[1] for damages caused when three drifting barges crashed into an oil production facility and pipeline. Finding no error, we affirm.
 
 
 2
 On the night of January 25, 1978, the unmanned barges, two owned by Parker Brothers Co. and one by Lake Charles Dredging,[2] were moored to an anchoring device[3] in East Cote Blanche Bay, in Louisiana. A storm set in over the bay. Driven by the waves and the gale-force winds, the barges scudded south through the water, dragging the anchoring device behind, until they collided with the production facilities.
 
 
 3
 Terra filed suit against both Lake Charles Dredging and Fidelity & Casualty, its P & I insurer. Parker Brothers was later added by an amended complaint.[4] Both Parker Brothers and Lake Charles Dredging advised Aetna, their general comprehensive liability insurer, of the claim. Aetna denied liability, pointing to a watercraft exclusion in the insurance policies.[5]
 
 
 4
 Terra's claim was settled for $140,000. Of this sum, $10,000 was paid by Parker Brothers, $10,000 by Lake Charles Dredging, and $120,000 by Fidelity & Casualty as their insurer.[6] Prior to final settlement, Aetna was brought in as a third party defendant. The settlement agreement expressly did not dispose of any claims against Aetna. It expressly subrogated Fidelity & Casualty, Lake Charles Dredging, and Parker Brothers to Terra's rights. It did not specify how much of Fidelity & Casualty's $120,000 contribution was being paid on behalf of Lake Charles Dredging and how much on behalf of Parker Brothers.
 
 
 5
 With Terra now out of the case, trial was had on the stipulations and depositions. The trial judge found that Aetna was liable to Lake Charles Dredging despite the watercraft exclusion. Since Lake Charles Dredging owned the peripatetic anchoring device, it was subject to liability independently of its ownership and use of the watercraft. Under Louisiana law the existence of this separate and independent source made Aetna liable despite the exclusion. Thus Aetna owed Lake Charles Dredging $10,000. The trial judge also held that Parker Brothers had no source of liability other than its use of watercraft. Consequently, the exclusion applied and Aetna owed Parker Brothers nothing. Finally, the judge required Aetna to indemnify Fidelity & Casualty for its $120,000 contribution on the grounds that the entire payment had ultimately been made on behalf of Lake Charles Dredging, whose selection and ownership of the inadequate anchoring device had been the sole proximate cause of the incident. Terra Resources, Inc. v. Lake Charles Dredging & Towing, Inc., 555 F.Supp. 406 (W.D.La.1981).
 
 
 6
 Aetna appeals. It claims that the only source for Lake Charles Dredging's liability to Terra was its use and operation of watercraft. Because of the exclusion, therefore, Aetna owes nothing to Lake Charles Dredging. Even if Aetna owes $10,000 to Lake Charles Dredging, however, it owes nothing to Fidelity & Casualty. To be indemnified, Fidelity & Casualty must show actual liability on its part, which it cannot do, since no ruling on the merits of Terra's claim was ever made. Moreover, says Aetna, even if potential liability is all it must show in order to receive indemnification, Fidelity & Casualty had no potential liability to Terra. Finally, Aetna contends it owes Fidelity & Casualty nothing because no proof was offered as to how much of the $120,000 was contributed on behalf of Lake Charles Dredging.
 
 
 7
 With these factual and procedural victuals, we now embark.
 
 
 8
 We first reach Aetna's contention that the watercraft exclusion bars any claim by Lake Charles Dredging against it. If the sole source of Lake Charles Dredging's liability were its ownership and use of the barges, we would wholeheartedly support that position.[7] In Louisiana, however, if an assured's liability arises from two sources, an exclusion pertaining to one source does not preclude coverage based on the other. LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978); Johns v. State Farm Fire and Casualty Co., 349 So.2d 481 (La.App.1977); Hurston v. Dufour, 292 So.2d 733 (La.App.1974). We agree with the trial court that Lake Charles Dredging's ownership of the mooring device was such a separate and independent source of potential liability, not encompassed by the watercraft exclusion.
 
 
 9
 Lake Charles Dredging's mooring device indisputably was inadequate to secure the barges under the prevailing and reasonably contemplated weather conditions. Aetna argues that this fact is irrelevant. If no watercraft had been used, it argues, no mooring would have been necessary, and no accident would have occurred. We find this argument unconvincing. Under the insurance policy, for the exclusion to apply, the watercraft must be owned, used, loaded, unloaded or operated by an insured party or someone in its employ. To be sure, Parker Brothers and Lake Charles Dredging did own the runaway barges, but this need not have been the case. The ownership of the mooring device was completely independent of Parker Brothers' and Lake Charles Dredging's ownership and use of the barges. The damage would still have occurred if the barges had not been owned by Parker Brothers, Lake Charles Dredging, or anyone else employed by either insured. The failure of that device was a totally independent basis for Lake Charles Dredging's liability to Terra. Under Louisiana law, Aetna is accountable to Lake Charles Dredging under its insurance contract.
 
 
 10
 At the least, then, Aetna must indemnify Lake Charles Dredging for the $10,000 paid from the pocket of Lake Charles Dredging. What, if any, is its liability to Fidelity & Casualty?
 
 
 11
 As a general rule, an indemnitee must establish actual liability on his part to recover payment from an indemnitor. Wisconsin Barge Line, Inc. v. Barge Chem 300, 546 F.2d 1125 (5th Cir.1977). This Court has recognized that this rule is not absolute, however. In Wisconsin Barge the Court adopted the holding of Tankrederiet Gefion A/S v. Hyman-Michaels Co., 406 F.2d 1039 (6th Cir.1969), to hold that
 
 
 12
 defendants need only show potential (rather than actual) liability to recover indemnity where either (1) defendants tender the defense of the action to the indemnitor, (2) the claim for indemnity is founded upon a judgment, or (3) the defendant's claim is based on a written contract of insurance or indemnification.
 
 546 F.2d at 1127.[8]
 
 13
 Aetna claims that Fidelity & Casualty comes within none of the three exceptions and must therefore prove it was actually liable to Terra. We disagree. Because Fidelity & Casualty is legally subrogated to Lake Charles Dredging's rights, its claim is firmly based upon Lake Charles Dredging's written contracts of insurance with both Fidelity & Casualty and Aetna.[9]
 
 
 14
 Under the Louisiana Civil Code, "Subrogation takes place of right:
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.
 
 
 18
 La.Civ.Code Ann. art. 2161 (West 1952).
 
 
 19
 Upon Aetna's denial of coverage, under the terms of the P & I policy, Fidelity & Casualty became contractually bound for the payment of Lake Charles Dredging's debt (liability). Having paid, it is subrogated in that amount to Lake Charles Dredging's rights, including the right to seek indemnification under the disputed Aetna general comprehensive liability insurance policy. See Aetna v. Dejean, 167 So. 864 (La.App.), aff'd 185 La. 1074, 171 So. 450 (1936).
 
 
 20
 The terms of the Fidelity & Casualty policy specifically recognize such subrogation. That policy provides:
 
 
 21
 Upon making payment under this policy this Company shall be vested with all of the assured's rights of recovery against any person, corporation, vessel or interest and the assured shall execute and deliver such instruments and papers as this Company shall require and do whatever else is necessary to secure such rights.
 
 
 22
 Under Wisconsin Barge, Fidelity & Casualty need only show its potential liability in order to recover from Aetna.
 
 
 23
 Aetna contends that if it is in fact liable to Lake Charles Dredging, then Lake Charles Dredging had insurance other than Fidelity & Casualty's policy. Under those circumstances, by its terms, the Fidelity & Casualty policy does not apply. Therefore Fidelity & Casualty had no potential for liability and Aetna owes it no indemnification under Wisconsin Barge. This perfectly circular reasoning ignores the fact that Aetna denied liability and left Fidelity & Casualty holding the bag. Aetna cannot refuse to indemnify Fidelity & Casualty simply because Fidelity & Casualty instead paid in Aetna's rightful place.
 
 
 24
 Aetna thus is liable for payments made on Lake Charles Dredging's behalf. It owes nothing, however, for any payments made on Parker Brothers' behalf. Here our smooth sailing is interrupted, for the settlement agreement neither states nor implies how much of Fidelity & Casualty's $120,000 contribution was made on behalf of which party. Upon analysis and review of the facts of the case, we are convinced that the district court correctly solved this problem. The court held:
 
 
 25
 Parker Brothers was potentially liable as the owner of two of the barges but the record is undisputed that Parker Brothers merely turned possession of unmanned barges over to Lake Charles. Lake Charles was the party in control of the entire operation and was the party principally at fault in selecting the mooring device and in failing to have the barges moved to a safe location. Although liability could have been visited on Parker Brothers due to its ownership of the barges, it seems beyond question that Parker Brothers could have demanded indemnification from Lake Charles. For this reason, it is reasonable to conclude that the entire contribution of Fidelity & Casualty was on behalf of Lake Charles and should therefore be recoverable from Aetna.
 
 
 26
 Under Louisiana law, "[i]ndemnity shifts the entire loss from a tort-feasor only technically or constructively at fault to one primarily responsible for the act that caused the damage." Green v. Taca International Airlines, 304 So.2d 357, 359 (La.1974). See also Dupree v. Pechinay Saint Gobain Co., 369 So.2d 1075 (La.App.1979). In Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922), the leading case on the subject, the Louisiana Supreme Court stated:
 
 
 27
 [W]here ... the actual fault of the proximate cause of injury is attributable to one of the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty, the general rule will not apply, and indemnity may be had against the one primarily responsible for the act which caused the damage....
 
 
 28
 91 So. at 541.
 
 
 29
 In the present case, the trial court was clearly correct in finding that Lake Charles Dredging was the party primarily responsible for the act causing the damage to Terra's property. Though it owned the barges, Parker Brothers was only constructively at fault, and could have demanded indemnification from Lake Charles Dredging.[10]
 
 
 30
 Aetna characterizes the trial judge's holding as sheer speculation and conjecture. The facts of the case, however, lead us to support the conclusion reached by the district judge. Parker Brothers was not operationally negligent. Though it owned two of the barges, and the barges posed a real potential in rem liability, the failure of the inadequate mooring device, rather than any flaw in the barges themselves, was the proximate cause of the accident. Moreover, as Aetna admits, Lake Charles Dredging was fully in charge of the entire dredging project. The barges were under Lake Charles Dredging's complete control and were moored under its direction. The device itself was owned and placed by Lake Charles Dredging. The district judge could correctly decide that Fidelity & Casualty's payment ultimately was made on behalf of Lake Charles Dredging. Under the general comprehensive liability policy, as Lake Charles Dredging's insurer, Aetna must indemnify Fidelity & Casualty for its entire $120,000 contribution.
 
 
 31
 AFFIRMED.
 
 
 
 [1]
 Terra owned 65% of the damaged production facility. Other plaintiffs were Reading and Bates Petroleum Co. (25%), Petroleum Resources Co. (10%), and Farmland Industries, Inc., which owned the pipeline
 
 
 [2]
 Lake Charles Dredging is a wholly-owned subsidiary of Parker Brothers
 
 
 [3]
 The mooring device consisted of a concrete block sunk into the floor of the bay, connected by a cable to a buoy on the surface. It was owned by Lake Charles Dredging
 
 
 [4]
 Fidelity & Casualty also afforded P & I insurance for Parker Brothers. Each policy contained an escape clause, which excluded Fidelity & Casualty from liability if any other insurance covered a particular loss. The Aetna policies had no such escape clause
 
 
 [5]
 The text of the watercraft exclusion follows:
 This insurance does not apply:
 * * *
 (e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
 (1) any watercraft owned or operated by or rented or loaned to any insured, or
 (2) any watercraft operated by any person in the course of his employment by any insured;
 but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the named insured....
 
 
 [6]
 Each P & I policy had a $10,000 deductible
 
 
 [7]
 The exclusion clearly applies to the movements of the barges themselves. For that reason, Parker Brothers was rightly denied recovery from Aetna
 
 
 [8]
 Wisconsin Barge also requires that the amount of the settlement be "reasonable." The parties have stipulated to this fact
 
 
 [9]
 The district judge relied upon the first exception set out in Wisconsin Barge. "In the instant case," he stated, "Lake Charles and Parker Brothers did not tender the defense to Aetna, but to have done so clearly would have been vain and useless in light of Aetna's specific denial of coverage." As we decide the issue on a different ground, we express no opinion as to the merits of that analysis
 
 
 [10]
 In Joiner v. Diamond M. Drilling Co., 688 F.2d 256 (5th Cir.1982), this Court had occasion to review the Louisiana law of contribution and indemnity amongst joint obligors. In that opinion, Judge Goldberg thoroughly explored the pathways of this particular "thicket" of Louisiana jurisprudence. Particularly noteworthy is his discussion of the recent "French Revolution" in the meaning of the term "solidary obligors."