FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAPITOL WEST APPRAISALS LLC, on behalf of itself and all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORP; et al., <br><br> Defendants - Appellees. | No. 10-35984 <br><br> D.C. No. 2:08-cv-01520-RAJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued September 1, 2011
Submitted February 1, 2012
Seattle, Washington

Before: HAWKINS, BEA, and MURGUIA, Circuit Judges.

Capitol West Appraisals, on behalf of itself and all others similarly situated,

appeals the district court's Rule 12(b)(6) dismissal of this diversity action brought

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

under the Class Action Fairness Act of 2005. Because the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The California common-law duty to provide fair procedures applies when (1) a significant public interest is affected, and (2) the private company is a "gatekeeper," in that it possesses substantial power such that its conduct "significantly impairs the ability of an ordinary, competent" worker to practice the trade "in a particular geographic area, thereby affecting an important, substantial economic interest." *Potvin v. Metro. Life Ins. Co.*, 997 P.2d 1153, 1160 (Cal. 2000).

We need not decide whether Countrywide's maintenance of the Unacceptable Vendor List ("UVL") implicates a significant public interest, because the Second Amended Complaint ("SAC") does not sufficiently allege that Countrywide is a "gatekeeper" to performing appraisal services in Idaho. The SAC alleges only that Countrywide is the largest originator of residential home loans nationally, and contains no allegations specific to Idaho. Indeed, the SAC admits that both Wade Massey and Capitol West continue to perform appraisal services despite Massey's presence on the UVL.

In addition, the SAC fails to allege that Massey's presence on the UVL affected an "important, substantial economic interest." Capitol West alleges only a

monetary loss, with no context as to what portion of its overall business this loss represented. Therefore, Capitol West alleges insufficient facts to support applying the duty of fair procedures to Countrywide.

With respect to the California common-law tort of intentional interference with prospective economic advantage, the SAC fails to plead Countrywide's knowledge of an economic relationship between Capitol West and a third party, a required element. *See Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950 (Cal. 2003). The SAC merely states that Countrywide had knowledge of economic relationships between Capitol West and mortgage brokers and lenders without any further specific allegations. These conclusory statements are not entitled to the presumption of truth, and are insufficient to plead Countrywide's knowledge. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

"In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp. Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Capitol West failed even to request the opportunity to amend its complaint below, and did so here only in its reply brief.

**AFFIRMED.**