# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2020

Lyle W. Cayce
Clerk

No. 19-20264

CEDRA PHARMACY HOUSTON, L.L.C.; JAMMZ CHEMISTS, L.L.C.; CEDRA PHARMACY LOS ANGELES, L.L.C.,

Plaintiffs - Appellants

v.

UNITEDHEALTH GROUP, INCORPORATED; OPTUMRX, INCORPORATED; UNITED HEALTHCARE SERVICES, INCORPORATED; CATAMARAN CORPORATION; CATAMARAN PBM OF ILLINOIS, INCORPORATED; CATAMARAN, L.L.C.; BRIOVARX OF MAINE, INCORPORATED; BRIOVARX, L.L.C.; SALVEO SPECIALTY PHARMACY, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3800

Before HIGGINBOTHAM, STEWART, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Three pharmacies—Cedra Pharmacy Houston, Jammz Chemists, and Cedra Pharmacy Los Angeles ("Cedra LA")—sued UnitedHealth, OptumRx

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20264

and several related entities for alleged violations of the RICO Act, the Sherman Act, and California and Texas common law. Their claims arise from (1) the merger of UnitedHealth with OptumRx and Catamaran, two companies owning and operating large pharmacy networks; (2) OptumRx and Catamaran allegedly subjecting Plaintiffs to abusive audits; and (3) OptumRx excluding Plaintiffs from its pharmacy network. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The magistrate judge recommended granting the Defendants' motion to dismiss, and the district court adopted that recommendation over Plaintiffs' objections.

Plaintiffs appeal the dismissal of several claims: (1) RICO claims against UnitedHealth and OptumRx under 18 U.S.C. § 1962(c)–(d); (2) antitrust claims against all Defendants under § 1 and § 2 of the Sherman Act; (3) an unfair competition claim against all Defendants under Texas common law; (4) a claim for tortious interference with prospective business relationships brought by Cedra Houston against all Defendants under Texas common law; and (5) Cedra LA's claim against all Defendants for violation of the right to fair procedure recognized by California common law. We review *de novo* the district court's dismissal for failure to state a claim.[1]

After a review of the briefs and the record and for essentially the reasons stated by the magistrate judge and accepted by the district court judge, we affirm the district court's dismissal of Plaintiffs' RICO claims, antitrust claims, and Texas common-law claim for unfair competition. We also affirm the dismissal of Plaintiffs' remaining two claims, albeit on different grounds from

---

[1] *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)) (internal quotation marks omitted).

the district court. Accordingly, we express no opinion on the merits of the district court's analysis of these two claims.[2]

To state a claim for tortious interference with prospective business relations under Texas law, a plaintiff must allege, among other things, that "the defendant's conduct was independently tortious or unlawful." In *Wal-Mart Stores, Inc. v. Sturges*, the Texas Supreme Court clarified that a plaintiff need not allege an independent tort, but only conduct that "would be actionable under a recognized tort."[3] Here, Cedra Houston has not alleged a viable independent tort or actionable conduct. At most, it has alleged "[c]onduct that is merely 'sharp' or unfair" and therefore "cannot be the basis for an action for tortious interference with prospective relations."[4] The claim fails.[5]

Cedra LA asserts a claim against OptumRx for violating the pharmacy's right to fair procedure under California common law. Cedra LA alleges that OptumRx delayed action on, and effectively denied, its application for admission to OptumRx's network. Where California's common law right to fair procedure applies, it requires private organizations to make decisions that are "substantively rational" and "procedurally fair."[6] This right primarily "protects an individual from arbitrary exclusion or expulsion from membership in [1] a 'private entity affecting the public interest' [2] where the exclusion or expulsion has substantial adverse economic ramifications" for that individual.[7] The

---

[2] *See Terra Res., Inc. v. Lake Charles Dredging & Towing Inc.*, 695 F.2d 828, 832 n.9 (5th Cir. 1983).

[3] 52 S.W.3d 711, 726 (Tex. 2001).

[4] *Id.*

[5] Plaintiffs also assert that Defendants violated Texas's Any-Willing-Provider-Law and thus engaged in tortious conduct. *See* TEX. INS. CODE ANN. art. 21.52B. We do not reach this argument because Plaintiffs raised it for the first time in their reply brief. *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 260 (5th Cir. 2009).

[6] *Potvin v. Metro. Life Ins. Co.*, 997 P.2d 1153, 1156–57 (Cal. 2000).

[7] *Kim v. S. Sierra Council Boy Scouts of Am.*, 11 Cal. Rptr. 3d 911, 913 (Cal. Ct. App. 2004) (quoting *Potvin*, 997 P.2d at 1159).

ramifications are "substantial" only if the private organization is a gatekeeper, wielding so much power that it can "'significantly impair[] the ability of an ordinary, competent' worker to practice the trade 'in a particular geographic area . . . .'"[8] Cedra LA alleges that OptumRx has a 22% market share nationwide, but makes no factual allegations about OptumRx's power in a "particular geographic area," such as Los Angeles.[9] As a result, Cedra LA fails to allege a plausible fair process claim.

For these reasons, we affirm the judgment of the district court.

---

[8] *Capitol W. Appraisals LLC v. Countrywide Fin. Corp.*, 467 F. App'x 738, 739–40 (9th Cir. 2012) (per curiam) (unpublished) (quoting *Potvin*, 997 P.2d at 1160).

[9] *Potvin*, 997 P.2d at 1160.